HELEN WILLIAMSON v. P. A. WORK ET AL.

Decided October 30, 1903.

**1.—Evidence—Certified Copy of Lost Deed.**

An affidavit conforming to the provisions of article 2312 of the Revised Statutes is a sufficient predicate for the introduction of a certified copy from the proper record. A specific statement of the acts of diligence in searching for a lost deed is only necessary when it is sought to prove the contents thereof by parol under the rules of the common law.

**2.—Same—Affidavit of Forgery—Ancient Document.**

An affidavit of forgery puts the party asserting the impugned deed upon proof of its execution. The inability of the defendants to produce the original having been shown by the affidavit of one of them, a certified copy from the proper record was admissible as evidence; and if such copy should show that the deed had been recorded for more than thirty years it would be evidence of such an ancient document with the necessary corroborative proof derived from the certificate of acknowledgment.

**3.—Same.**

But the copy received in evidence in this case was not from any record authorized by law. It was the copy of a certified copy from the records of a parent county recorded in the records of the new county without authority of law, and hence had no legal standing as evidence.

**4.—Same.**

The defendant claimed under a lost deed from the patentees to one S. and deraigned title to themselves from M. and G., the grantees of the widow of S., again a married woman, in a deed in which she was not joined by her husband. Held, that while this last mentioned deed was void because executed without the joinder of the husband, and inoperative to pass title, the original was admissible for the purpose of corroborating the evidence of the validity of the deed from the patentees to S.

Appeal from the District Court of Hardin. Tried below before Hon. L. B. Hightower.

*Greer & Greer,* for appellant.

*Coke & Coke, Nall & Dies,* and *J. N. Votaw,* for appellees.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title brought in the District Court of Hardin County by Helen Williamson against P. A. Work and others for the recovery of an undivided one-fourth interest in five tracts of land. The case was tried by the court without a jury and resulted in a judgment for the plaintiff for two of the tracts, and in favor of the defendants as to the other three. The plaintiff alone has appealed.

The land in controversy was patented by the Republic of Texas to Jonathan H. Lawrence and William B. Creecy, and the plaintiff showed by evidence her right to recover through heirship from William B. Creecy unless Creecy, in his lifetime, had conveyed the land. As tending to show this fact the court received in evidence a certified copy from the record of deeds of Hardin County certified March 27, 1903, of a copy recorded therein certified March 25, 1903, from the record of deeds

of Jefferson County of a deed recorded therein as shown by said copy March 17, 1849, executed by Jonathan Lawrence by J. F. Johnson, his attorney in fact, and William B. Creecy to B. L. Simpson, dated December 27, 1848. Hardin County was created in 1872, subsequent to the original record of the deed in Jefferson County, and the land lies in a portion of Hardin County taken from Jefferson County. The plaintiff filed an affidavit of forgery, attacking the genuineness of the deed, and objected to the admission in evidence of the copy from the record of deeds of Hardin County. The deed purported to be a notarial act executed in the city of New Orleans, and recited that William B. Creecy was "of St. Louis County, State of Missouri." There were some interlineations noted at the foot of the deed after the certificate of record made by the county clerk of Jefferson County, which are not deemed material. From the position of the note it would appear to have been made by the clerk and not the notary. It was shown by the evidence that Creecy lived in Vicksburg, Miss., and mysteriously disappeared from there in 1841, and that he was traced to New Orleans, where he was lost sight of and never heard of afterwards. The dates of the patents show that four of them were issued in 1845 and the other May 10, 1841. An affidavit of the loss of the original deed was filed by the defendants. It was made by only one of the defendants, W. A. Petty, and was to the effect that "The defendants nor either of them are or is able to produce the original of the following described deeds," etc. This affidavit was made March 29, 1897. The defendants put in evidence, for the purpose of showing acts of ownership and the assertion of claim of title under the deed from Lawrence and Creecy, an attempted deed from Clara Graves of the city of New York, shown by the certificate of acknowledgment to be the wife of W. H. Graves to James Moran and Charles A. Goff, also of the city of New York, for the said five surveys patented to Lawrence and Creecy containing the recitals, "Having been conveyed by the said patentees" (Lawrence and Creecy) "to the said Barnard L. Simpson, deceased, the former husband of the said party of the first part, by deed executed December 27, 1848, and recorded in the land records of Jefferson County, Texas, book G, pages 142, 143 and 144, on March 17, 1849, to which deed reference is hereby made for a full and complete description of the metes and bounds of said lands, as well as to the original patents which accompany this deed of conveyance. The party of the first part, Mrs. Clara Graves, inherited the said property under the laws of the State of Texas providing for the descent and distribution of the estates of intestates; the said lands being community property and there being no issue, she was entitled as survivor to all the real estate in Texas acquired during the term of her marriage with her said husband, the said Barnard L. Simpson."

This deed was dated and acknowledged November 23, 1875, and was recorded in the record of deeds for Hardin County December 15, 1875. It was received in evidence over the objections of the plaintiff. The defendants deraigned title from Goff and Moran down to themselves.

They were in possession of the original patents for the land issued to Lawrence and Creecy.

The affidavit of Petty was that the defendants could not procure the original deed from Lawrence and Creecy to Simpson. In form it was in compliance with the statute (Rev. Stats., art. 2312), and was a sufficient predicate for the introduction of a certified copy from the proper record. Butler v. Brown, 77 Texas, 345. A specific statement of the acts of diligence in searching for a lost deed is only necessary when it is sought to prove the contents thereof by parol under the rules of the common law. Foot v. Silliman, 77 Texas, 268. The affidavit of forgery put the defendants upon proof of the execution of the deed from Lawrence and Creecy to Simpson. The inability of the defendants to produce the original having been shown by the affidavit of one of them, a certified copy from the proper record was admissible as evidence. And if such copy should show that the deed had been recorded for more than thirty years it would be evidence of such an ancient document with the necessary corroborative proof derived from the certificate of acknowledgment. Holmes v. Coryelle, 58 Texas, 688; Brown v. Simpson, 67 Texas, 231.

But the copy offered in evidence was not from any record authorized by law and was not competent evidence. Belcher v. Fox, 60 Texas, 529. It was from the records of Hardin County, into which the copy from Jefferson County had been recorded. This fact was shown by the certificate of the county clerk of Hardin County to the copy admitted in evidence. Hardin County was created in 1872. It was not necessary for the deed to be recorded again in that county. Rev. Stats., art. 4668. This statute was first enacted in 1875, but that had been the rule of decision prior thereto. Note to art. 4668 in Batts' Rev. Stats. The statute makes it the duty of the county court of the new county to have the records transcribed for public inspection, and if this had been done a copy from the transcribed records would have been a good copy, but there was no authority of law for recording the certified copy from Jefferson County into the deed records of Hardin County. The transcribed record would have been directly from the Jefferson County record, while in this instance a copy intervenes between the two records. The right to put in evidence a certified copy is purely statutory, and to be availed of the statute must be complied with. The copy offered in evidence should have been rejected.

The deed from Clara Graves to Moran and Goff was void because the grantor's husband did not join in it and was inoperative to pass the title, but the original deed was admissible for the purpose of corroborating the evidence of the validity of the deed from Lawrence and Creecy to Simpson. Fordtran v. Perry, 60 S. W. Rep., 1000. For the error shown, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

ON MOTION FOR REHEARING.

GARRETT, CHIEF JUSTICE.—The appellees in their motion for a rehearing show that as a matter of fact a copy of the deed from Creecy to Simpson certified from the records of Jefferson County was put in evidence, and attach to their motion an agreement of counsel for appellant and a certificate of the trial judge to that effect. They also attach the certified copy from the records of Jefferson County, and show that copies from the records of both Jefferson and Hardin counties were before the court, and that in making up the statement of facts the copy from the records of Jefferson County was omitted, and counsel for appellant agrees that said copy attached to the motion "may be looked to by this court and considered as having been offered and admitted in evidence on the trial thereof, provided this court shall see fit to entertain a rehearing of said cause." A statement of facts filed after the time allowed by law, although agreed to by counsel for both parties and approved by the trial judge, will not be considered by this court. Wilcox v. League, 6 Texas Ct. Rep., 214. This court has no jurisdiction to correct the record of the trial court or to change it. Bogges v. Harris, 90 Texas, 476. But it is not now proposed to show that the statement of facts has not been correctly copied into the record. It is admitted that it is correct as made up and it is sought to add to it an additional fact to change this court's judgment upon a record properly made up. There is no law or rule of the court by which this can be done. To allow it, even in an apparently simple instance, would establish a precedent that would lead in principle to grave changes in the record after it has been made and filed and submitted in this court. Parties must see that their records are correctly made up and not seek to change them after the jurisdiction of this court has attached except in the manner provided by law for their correction. While it would probably expedite the final disposition of the controlling questions in this case for this court to consider the copy of the deed attached to the motion for rehearing, it is better that the case should be remanded for another trial than to establish the precedent of allowing a statement of facts to be amended as is sought to be done. The motion will be overruled.

*Overruled.*