McKENZIE & FERGUSON v. GULF, C. & S. F. RY. CO.

(Court of Civil Appeals of Texas.  Jan. 25, 1911.)

1. EXCEPTIONS, BILL OF (§ 43*)—TIME FOR APPROVAL.

Where plaintiff took a nonsuit January 16, 1909, and motion to reinstate was overruled on January 30, 1909, and writ of error was sued out to reverse this order, and the court granted 20 days in which to file statement of facts and bill of exceptions, and the time was not extended, and the statement of facts and bill of exceptions were not approved and filed until February 19, 1910, and no excuse appeared, a motion to strike out statement of facts and bill of exceptions will be sustained.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 72½; Dec. Dig. § 43.*]

2. APPEAL AND ERROR (§ 544*)—BILL OF EXCEPTIONS—INSUFFICIENT STATEMENT.

Where the assignments of error all complain of the action of the court, predicated either on the insufficiency of the evidence or its rulings on evidence, in the absence of a statement of facts and bill of exceptions, they will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 544.*]

Error from District Court, Tom Green County; J. W. Timmins, Judge.

Action by McKenzie & Ferguson against the Gulf, Colorado & Santa Fé Railway Company. Judgment for defendant, and plaintiffs bring error. On motion to strike out bill of exceptions. Motion sustained, and judgment affirmed.

Anderson & Dumas, for plaintiffs in error. Terry, Cavin & Mills, C. O. Harris, Jos. Spence, Jr., and Lee & Lomax, for defendant in error.

RICE, J. This suit was brought by plaintiffs in error in the district court of Tom Green county to recover of defendant in error damages alleged to have been sustained by them to two shipments of sheep from San Angelo to Kansas City and other markets; the basis for the recovery being the alleged delay to furnish cars and rough handling during shipment, from which said sheep lost in weight, and a number of them were killed, lost, and injured. Defendant answered by general demurrer and special exceptions, general denial, and by special answer, setting up that it was absolved from damage by reason of a special contract pleaded by it. The case went to trial before a jury on January 15, 1909, and, after the evidence had closed, the court announced that he would instruct a verdict for the defendant on the ground that the evidence did not warrant the submission of the case to the jury. Whereupon plaintiffs took a nonsuit, and thereafter on the next day filed their motion to reinstate, and subsequently filed their amended motion to reinstate, which was by the court overruled on January 30, 1909, and this writ of error is sued out for the purpose of reversing said judgment.

The court granted 20 days after the adjournment within which to file statement of facts and bills of exception. No further order appears to have been made extending the time for the filing thereof, and the court adjourned on the same day the order overruling the amended motion to set aside the nonsuit was made. The statement of facts and bills of exception were not approved and filed until February 19, 1910, and no excuse appears in the record explaining this delay. Defendant in error has filed its motion to strike out the statement of facts and bills of exception: First, because the same were not filed within the time required or permitted by law, and therefore cannot be considered by this court; second, because the same does not appear to be an agreed statement of facts, nor was the same approved and ordered filed by the judge as such statement where the parties disagree; third, because the same is not a succinct statement in narrative form of the facts proven on the trial as required by law, but the greater part thereof consists of questions and answers, objections of counsel, and comments by the court thereon as

transcribed from the stenographer's notes, for which reason the same cannot be treated as a statement of facts.

We think the first and third grounds of the motion are well taken, because supported by the record, and, no excuse being shown explaining the failure to file them within the time required by law, should be sustained; and, since the assignments of error all complain of the action of the court predicated either upon the insufficiency of the evidence or its rulings relative to the exclusion or admission of testimony, we are not authorized, in the absence of a statement of facts and bills of exception, to review them. Sowers v. Yeoman, 129 S. W. 1153; Daniel v. Daniel, 128 S. W. 469; Elliott v. Waites & Wilkie, 124 S. W. 992.

We are therefore constrained to hold that the motion to strike out should be sustained, and the case affirmed, and it is so ordered.

Affirmed.