TEXAS FIDELITY & BONDING CO. v. BROWN et al.   (No. 5532.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 10. 1915.)

1. APPEAL AND ERROR ⬳578 — RECORD — STATEMENT OF FACTS — SUPPLEMENTAL STATEMENT.

A statement of facts was approved in time. A supplemental statement of facts disclosing that the court in rendering judgment considered testimony admitted over objection, and without any ruling thereon, was made without any motion in the trial court to correct the statement of facts, but a motion was filed in the court on appeal for an order permitting the supplemental statement to be filed and considered as a part of the statement of facts. *Held*, that the supplemental statement could not be considered, for a party is entitled to know what is considered by the court, and to have an opportunity to preserve proper bills of exception thereto.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2572; Dec. Dig. ⬳578.]

2. MECHANICS' LIENS ⬳313 — BUILDING CONTRACTS—BONDS—LIABILITY.

A stipulation in a building contractor's bond that, if the obligee receives notice of the fact that any claims for labor or materials remain unpaid, he shall withhold payment from the principal of any money due or to become due until payment of such claims, is for the protection of the surety and does not empower the obligee to pay such claims as he sees proper to pay, whether there is liability therefor or not, and charge the same to the surety.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 656; Dec. Dig. ⬳313.]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Action by A. A. Brown against J. J. Lawler and others. There was a judgment for plaintiff against defendants, and in favor of defendants Texas Fidelity & Bonding Company and another, against defendant named, and the Bonding Company appeals. Reversed and remanded for another trial.

Hertzberg, Barrett & Kercheville, of San Antonio, and Bebout & Penland, of Waco, for appellant. John Sehorn, of San Antonio, for appellees.

CARL, J. Appellee, Dr. A. A. Brown, sued J. J. Lawler, Abraham Schroeder, and the Texas Fidelity & Bonding Company, alleging: That Brown, on August 24, 1912, entered into a written contract with Lawler by the terms of which Lawler undertook to furnish all labor and material and to erect and complete for Brown a two-story house in San Antonio; the consideration to be paid Lawler therefor being $4,250. That to secure the faithful performance on the part of said Lawler to erect and complete said building in accordance wtih the plans and specifications, Lawler, as principal, and the Texas Fidelity & Bonding Company and Abraham Schroeder as sureties, on August 28, 1912, executed to Brown a certain bond in the penal sum of $1,400, conditioned, in substance, that should he, the said Lawler, erect and complete said building in accordance with the plans and specifications, then the obligation was to be void, etc. That thereafter Lawler began the work of erecting the aforesaid building and partially completed the same, but on October 12, 1912, abandoned the work of erecting said building and refused to continue the job. That at the time said Lawler abandoned the job, Brown had paid him on said contract the sum of $1,348. That on October 14, 1912, Brown notified the Texas Fidelity & Bonding Company and Abraham Schroeder, sureties, of the default on the part of Lawler, and called upon them to erect and complete the building, which they refused to do. Whereupon said Brown undertook to finish the work of completing the building. That in doing this finishing work Brown expended the sum of $4,342.70, the said Brown claiming damages in the sum of $1,486.20, being the difference between the contract price therefor and what it cost plaintiff to complete the building. The Texas Fidelity & Bonding Company answered, alleging that they were not liable because the plaintiff had not been damaged in any amount, and denied that the expenditures made by Brown were reasonable and necessary to complete the building, alleging that plaintiff did not carry out the conditions of his building contract with Lawler, overpaid him, made changes in the plans, alleging that the sums spent by Brown in completing the building was greatly in excess of the reasonable value of said services and material, and alleging further that the suit was filed more than six months after the date fixed for the completion of the work; that said Brown paid out amounts to Lawler, or to others for Lawler, for which no lien could have

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

been fixed against the property and for which the said Brown was not personally responsible.

Said Schroeder answered, denying all of the allegations contained in plaintiff's petition. Said Lawler answered, alleging changes in the plans and specifications after his abandonment, which increased the cost of the building and further alleging:

"That he fully performed his contract, and that plaintiff refused to permit him to finish the building under the plans and specifications."

The cause was tried before the court without a jury, January 6, 1915, and judgment rendered in Dr. Brown's favor against Lawler, Schroeder, and the surety company, jointly and severally, for $1,400, the amount of the bond, and for $20.24 against Lawler. The bonding company and Schroeder were given judgment over against Lawler for any sums they might have to pay. The bonding company has perfected this appeal.

It was shown that it cost to complete the house, according to the statement of facts, the sum of $4,728.55, or $478.55 more than the contract price. Appellant therefore contends that the judgment is unsupported by the evidence at least to the extent of the difference between $478.55 and $1,400, the amount for which judgment was given. But while E. P. Behles, the architect, was on the stand, objection was made to his testifying to certain accounts and vouchers as to time of labor and amounts due therefor because it was shown that there was a foreman, and it was urged that he was the proper man to make such proof. The court thereupon said he would permit the witness to testify that he (architect) approved those accounts and issued vouchers on them. Behles then said he signed the pay sheets; that every laborer and carpenter signed his name to the amount shown on the pay sheets. Objection was made to the witness testifying that these accounts and pay sheets were correct, because the witness testified that he did not keep the time, but same was taken from the foreman's book. These accounts total about $1,-010.25. After some further colloquy, the court said:

"We will just withhold the admission of those at this time. * * * Mr. Sehorn: But, your honor, we have not got the foreman here. Mr. Hertzberg: We have him here. Mr. Sehorn: The contract specifies that Mr. Behles shall do those things. The Court: I am inclined to think it is sufficient, but will withhold it until the foreman testifies. And thereafter M. T. Eckles, the witness referred to in the foregoing testimony as the foreman in charge of the work, was placed upon the stand by the defense, but no questions were asked him by either party, concerning the pay rolls and the amount paid laborers. In rendering the judgment herein, the court considered the foregoing testimony of the witness Behles as sufficient evidence of the amount expended by the plaintiff, Brown, for labor in the completion of the building mentioned in the pleadings, and the judgment of the court was based upon the fact that the foregoing sums of money mentioned in the vouchers copied hereinabove were expended by plaintiff Brown for labor in the completion of the building."

[1] The above matters do not appear from the statement of facts which was approved by the trial court on April 29, 1915, and filed in this court on April 30, 1915, but appear from matters sent up to this court in which the trial court certifies that same took place as a part of the trial and same were considered in arriving at the judgment entered. This supplemental statement of facts has not been filed in this court, but a motion has been filed asking that we enter an order permitting same to be filed and to be considered as a part of the statement of facts. It does not appear that any motion was filed in the trial court to correct the statement of facts, or that any order to that effect was ever made, but it is sought to ingraft the same upon the statement of facts upon the certificate of the trial judge. That certificate says:

"Counsel for defendant knew the papers were omitted, but was of the opinion they were not introduced, and still contends they were not, but counsel for plaintiff overlooked the fact that they were not copied in the statement of facts when he agreed to and signed the same, and the statement of facts had been so agreed to by the parties, when presented to me and was therefore approved by me without examining the same."

If a statement of facts can be corrected by timely proceedings in the trial court, that has not been done in this instance; and the injurious consequences of such proceeding as this need no more concrete example than this furnishes, for the parties were cut off from the opportunity to further urge their objections or to preserve a bill of exception. Certainly litigants have a right in every instance to know what is considered by the court and to have an opportunity to preserve proper bills of exception thereto. As the record stands, the judgment is unsupported by the evidence. This makes it necessary for us to reverse the judgment and remand the cause for trial.

[2] Another matter is urged upon which we will express our opinion, in view of another trial. It is contended that, after Lawler quit this job, Brown voluntarily paid a number of his debts for material, etc., which were not capable of being fixed as liens against the property, and that no attempt had been made to fix them as liens upon the property; also, that the property was the homestead of Dr. Brown and no such liens could have been fixed upon it for that reason.

Appellee contends that, even if the claims could not have been fixed as liens, they were at least capable of being made liens upon the balance of the funds remaining in the owner's hands under the building contract. But appellant asserts that if the owner pays debts voluntarily, after abandonment by the contractor, and which debts of the contractor so paid could not have been fixed as liens against the property, the owner makes such payments at his own peril and cannot charge the same against the contractor's bondsmen.

This is what the courts have held. First Baptist Church v. Carlton, 173 S. W. 1179; Slade v. Amarillo Lumber Co., 93 S. W. 475; Lonergan v. S. A. Loan & Trust Co. et al., 101 Tex. 63, 104 S. W. 1061, 106 S. W. 876, 130 Am. St. Rep. 803; 27 Cyc. pp. 304, 307; Am. & Eng. Ency. Law, vol. 20, pp. 491, 492.

The bond contains, as a proviso before liability shall attach, this clause:

"If, at any time during the prosecution of the work specified in said contract to be performed, there comes to the notice or knowledge of the obligee, the fact that any claim for labor performed or for materials or supplies furnished to said principal in or upon said work, remain unpaid, * * * the obligee shall withhold payment from the principal of any money due or to become due to the principal under said contract until the payment of such claims."

It is clear that this clause was placed there for the protection of the bonding company and certainly did not clothe the owner of the building with the power to pay such claims as he saw proper to pay, whether there was liability therefor or not. The bond was given to protect the owner against the legal claims for which he or his property might become liable, and was never intended to clothe the obligee therein with power to go out and pay debts for which neither he nor the bonding company was liable and then charge that up to the bonding company.

The judgment of the trial court is reversed, and the cause is remanded for another trial.

