GRICE v. HERRICK HARDWARE CO. (No. 6146.)

(Court of Civil Appeals of Texas. Austin. Jan. 28, 1920. Rehearing Denied March 10, 1920.)

1. TRIAL ☞143 — PEREMPTORY INSTRUCTION DENIED WHERE CONTROVERTED ISSUES ARE RAISED.

Where the pleadings and evidence raise controverted issues, a peremptory instruction should be denied.

2. APPEAL AND ERROR ☞1068(5) — REFUSAL OF GENERAL CHARGE NOT ERROR WHERE JURY COULD NOT ANSWER SPECIAL ISSUE.

The refusal of a general charge concerning a matter which was submitted to the jury in the form of a special issue is no ground for objections, where the jury were unable from the evidence to answer the issue.

3. APPEAL AND ERROR ☞1068(5)—REFUSAL OF CHARGE ON PUNITIVE DAMAGES HARMLESS WHERE PLAINTIFF NOT ENTITLED TO ACTUAL DAMAGES.

In a conversion case, where under the findings of the jury there could be no recovery of actual damages, the refusal of a special charge submitting the issue of punitive damages was not error.

4. TRIAL ☞207—INSTRUCTION LIMITING TESTIMONY PROPERLY REFUSED WHERE SOME BORE ON OTHER ISSUES.

A requested instruction to limit testimony to a particular issue was properly refused, where some of the testimony at least bore on other issues.

5. APPEAL AND ERROR ☞1062(5)—SUBMISSION OF SPECIAL ISSUES WHICH WERE IMMATERIAL HARMLESS.

Where the verdict of the jury was in accordance with the uncontroverted evidence, the submission of immaterial special issues was harmless.

6. APPEAL AND ERROR ☞742(6) — ASSIGNMENT OF ERROR AND PROPOSITION WHOLLY GENERAL WILL NOT BE CONSIDERED.

An assignment of error that the judgment was contrary to and unsupported by the law and evidence, where accompanied by a proposition equally general, will not be considered.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by Thomas W. Grice against the Herrick Hardware Company. From a judgment for defendant, plaintiff appeals. Affirmed.

S. J. T. Smith, of Waco, for appellant.

Paul A. Langford, C. H. Machen and Walton D. Taylor, all of Waco, for appellee.

Findings of Fact.

BRADY, J. Appellant sued appellee for conversion of certain cotton and cotton seed, grown upon land rented by appellant for the year 1916, near South Bosque, McLennan county, Tex. He alleged exclusive ownership of the property, and that appellee, through fraud and duress, had persuaded and forced his father to execute a chattel mortgage upon such property, but that the mortgagor had no authority, express or implied, to mortgage the crop. Appellant sued for both actual and exemplary damages.

Appellee's special defense was that it owned five vendor's lien notes, aggregating, $1,000, executed by one J. P. McPherson, secured by a lien on land in Midland and Upton counties, Tex.; that W. R. Grice, father of appellant, voluntarily proposed to take a transfer of such vendor's lien notes, and to execute a chattel mortgage on the crop in controversy as the consideration; that he further represented that he owned the cotton crop, and had planted, cultivated, and

grown the same; that W. R. Grice, in fact, did own the crop, and had both actual and apparent authority to mortgage and dispose of the same; and that appellant was estopped to claim conversion.

The case was submitted to the jury upon special issues, and in substance the findings are these:

That the cotton grown on the land so mortgaged was owned by W. R. Grice and T. R. Grice, and that the latter authorized the former to dispose of the cotton raised on such farm; that appellant held his father out to the public as his agent to gather and sell the cotton; that the mortgage was not executed solely on account of any threats made to W. R. Grice by the agents of appellee; that W. R. Grice authorized the agent of appellee to sell the cotton; that the reasonable market value of the cotton alleged to have been converted was for the first six bales, 17 cents per pound, and for the other two bales, 18¾ cents per pound; that the jury did not know the reasonable market value per pound of the cotton seed; that it did not know the amount or market value of the cotton alleged to have been permitted to rot and waste on the farm during the fall of 1916; that C. H. Machen, in the sale of the cotton, acted as the agent of W. R. Grice; that appellee surrendered to W. R. Grice the five vendor's lien notes, and agreed not to sue on certain other notes until September, 1916, in consideration of the mortgage given by W. R. Grice. Under these findings, judgment was rendered for appellee. The findings of the jury are each supported by evidence.

### Opinion.

The first four assignments of error complain of the trial court's refusal to give certain special charges asked by appellant, and, in our view, do not require extended discussion.

[1] The first requested charge was a peremptory instruction, which was properly refused, because of the controverted issues made by the pleadings and the evidence.

[2] The second was in effect a general charge as to the cotton alleged to have been permitted to rot and waste, instead of being prepared in the form of a special issue. Furthermore, it was not a correct statement of the law upon that issue. Moreover, the issue was submitted to the jury, and the finding made that the jury did not know either the amount or value of the alleged wasted cotton.

[3] The third requested charge was in substance a general charge on the subject of exemplary damages. Under the findings of the jury, there could be no recovery of actual damages by appellant, and therefore punitory damages were not recoverable.

[4] The next special charge was an instruction to the jury to limit certain testimony to the issue of ownership of the cotton. Some of this testimony, at least, bore upon other issues in the case, and it was not error for the trial court to refuse to limit the same as requested.

For the reasons indicated, the first four assignments will be overruled.

[5] The fifth to the fifteenth assignments of error, inclusive, present the claim of error in the submission of each of the special issues set out under findings of fact. The grounds of objection to the submission of these special issues were substantially, either that there was no evidence to justify their submission, or that they were immaterial issues. Without discussing the assignments seriatim, it is sufficient to say that as to such as claim a want of evidence upon the respective issues submitted the claim is without merit. We conclude that there was evidence warranting, if not requiring, the submission of each of these issues to the jury. As to such as are claimed were immaterial, while we think they were all controverted and material issues, their mere submission would not constitute reversible error upon the assumption that they were immaterial. The presenting of immaterial special issues to a jury does not, of itself, constitute reversible error. Upon some of these assignments, the record discloses that the verdict of the jury was in accordance with the uncontroverted evidence as admitted by appellant in his brief, and certainly this would show harmless error, if indeed there was any error committed in their submission.

It may be added that appellant did not in his motion for new trial attack the verdict, as being unsupported by the evidence, nor does he assign error as to the court's refusal to set aside the verdict, because not supported by the evidence.

We think there is no merit in any of the assignments last mentioned, and they will each be overruled.

[6] The sixteenth assignment of error, being the last in the brief, is that the judgment of the trial court is contrary to and unsupported by the law and the evidence. The proposition thereunder is as general as the assignment, and should not be considered. If considered upon its merits, however, we are of the opinion that it is untenable, because the evidence, while conflicting, supports the verdict of the jury, upon which the proper judgment was rendered.

Finding no reversible error in the record, the judgment will be affirmed.

Affirmed.