## ROBINSON et al. v. ROBINSON'S ESTATE. (No. 8376.)

(Court of Civil Appeals of Texas. Dallas. Oct. 23, 1920. Rehearing Denied ,Nov. 13, 1920.)

1. **Appeal and error** ⚖️544(1)—**Statement of facts essential to review of charge.**

Errors in giving or refusing charges cannot be reviewed on appeal, in the absence of the statement of facts, unless the pleadings show that the charge is necessarily erroneous.

2. **Appeal and error** ⚖️544(3)—**Statement of facts necessary to review admission of evidence unless bill of exceptions shows error and prejudice.**

Without a statement of facts, the admission of testimony will not be reviewed on appeal unless the bill of exceptions contains sufficient facts to show, not only that the trial court committed error, but, with reasonable certainty, that the error must have produced substantial injury.

#### On Motion for Rehearing.

3. **Appeal and error** ⚖️544(3)—**To be reviewable without statement of facts, matters must clearly appear in record.**

Assignments of error attacking the court's charge and the admissibility of evidence cannot be reviewed on appeal without statement of facts, unless the necessary facts otherwise appear, however difficult it might be to conceive any legal support for the action of the lower court, since the appellate court cannot look outside the records for essentials to a consideration of the assignments.

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Proceedings by Hulette Robinson and others to contest the will of Mittie E. Robinson, deceased. Judgment against contestants, and they appeal. Affirmed.

W. W. Ballew, of Corsicana, for appellants. Callicutt & Johnson, of Corsicana, for appellee.

HAMILTON, J. This was an action contesting the will of Mittie E. Robinson, deceased. It was instituted in the county court of Navarro county, and from that court it was brought to the district court on appeal. In the district court the contest was heard before the court and a jury. The case was submitted to the jury upon special issues, which the jury found against appellants.

[1] The record contains no statement of facts. Appellant has filed a brief containing six assignments of error: Four of these relate to the charge of the court. The rule announced and uniformly followed by the Supreme Court and the Courts of Civil Appeals of this state is that alleged errors in giving or refusing charges cannot be reviewed on appeal in the absence of a statement of facts, except in cases where the pleadings contain matter which shows that the charge is necessarily erroneous. That exception to the rule is not presented in this case, and we must therefore follow the rule and decline to consider any of the assignments of error complaining of the charge of the court.

[2] The fifth and sixth assignments of error complain of the admission of certain testimony in rebuttal over the appellants' objection. The action of the court in this respect was excepted to, and the bill of exceptions appear in the record.

Numerous decisions of our appellate courts announce the rule that without a statement of facts the action of the court below in admitting or excluding evidence will not be reviewed on appeal unless the bill of exceptions contains sufficient facts to reveal, not only that the trial court committed error, but that the error, with reasonable certainty, must have produced a substantial injury to appellants' cause.

The bills of exceptions on this feature of the case before us are insufficient to take them out of the rule above stated. They do not meet either of the two requirements necessary to constitute the exception to the rule. They make no pretension of setting out the evidence, admitted over appellants' objection, but refer to the statement of facts for a statement of the evidence, to the admission of which appellants excepted. Besides, one of these bills of exceptions is not signed by the judge, and the record discloses that he expressly declined to approve it.

The record discloses no fundamental error, and in the absence of a statement of facts we are precluded from reviewing the assignments of error contained in appellants' brief, and the judgment of the court below will be affirmed.

Affirmed.

### On Motion for Rehearing. ·

[3] We adhere to the original disposition made of this case. However difficult it might be, in the light of appellant's earnest argument in his motion for a rehearing, to conceive any legal support of the action of the lower court assigned as error, yet it involved exclusively the court's charge and the admissibility of evidence. And without a statement of facts to guide us in testing the correctness of the charge, as applied to the evidence, and revealing the evidence, the admission of which is assigned as error, we are not privileged to look outside the record for these essentials to a consideration of the assignments of error; but we are to presume the judgment appealed from was a proper one.

For the sake of absolute accuracy of statement, and not because it is of any other consequence, we probably ought to modify the statement in our opinion to the effect that the trial judge did not sign one of the bills of exceptions, but expressly declined to approve it. An ex parte affidavit of appellant was made a part of the sixth assignment of error contained in appellant's motion for a new trial. This affidavit appears to have been made a part of the bill of exceptions also. Appended to this bill are remarks of the judge relating to it. These remarks, signed by him, are introduced in the following language:

"This bill of exceptions is signed and approved with the following qualification and explanation:

"I decline to sign the bill with the ex parte affidavit of W. A. Robinson, dated May · 10, 1919, attached thereto. * * * "

This language certainly shows an express disapproval of the bill. Furthermore, the entire statement of the trial judge preceding his signature is, in effect, an essential contradiction of the bill, independent of the affidavit.

It is clear that the assignments of error cannot be reviewed for the reasons stated in the opinion affirming the case; and, accordingly, the motion for a rehearing is denied.