NORWOOD et al. v. McMILLAN. (No. 2549.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 18, 1925. Rehearing Denied Jan. 6, 1926.)

1. **Appeal and error** ⬤⟿578—Statement of facts filed in Court of Civil Appeals in time cannot be amended by agreement of counsel or supplemental statement if filed after time.

Statement of facts filed in Court of Civil Appeals in time cannot be amended by agreement of counsel, or even by a supplemental statement, even though authenticated by the court, if filed after time for filing original statement.

2. **Appeal and error** ⬤⟿569(4)—Approval of statement of facts is nullity where statement contains stipulation that maps may be substituted.

Where statement of facts contained stipulation that plats and maps referred to, but not included, had been misplaced, and that substitutes might be made, approval of court of statement was a nullity, since maps cannot be considered under stipulation of counsel and result

is that case is before Court of Civil Appeals without statement of facts.

**3. Appeal and error ⚖═544(1)—Court of Civil Appeals cannot consider sufficiency of evidence or failure to submit special issues in absence of statement of facts.**

In absence of statement of facts, Court of Civil Appeals cannot consider contention as to sufficiency of evidence to support verdict or action of court in failing to submit certain special issues.

On Motion for Rehearing.

**4. Appeal and error ⚖═578—Too late to attempt to amend or supplement statement of facts on motion for rehearing.**

It is too late on motion for rehearing to attempt to amend or supplement a statement of facts by stipulating the waiving of filing of copy of statement of facts in trial court, even if such practice were permissible.

Appeal from District Court, Lubbock County; Parke N. Dalton, Special Judge.

Suit by W. D. McMillan against E. P. Norwood and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Jack M. Randal, of Memphis, and Wilson & Douglas, of Lubbock, for appellants.

Robert H. Bean and Bean & Klett, all of Lubbock, for appellee.

HALL, C. J. The appellee, McMillan, filed this suit in trespass to try title against E. P. Norwood, Chas. L. Rogers and his wife, Charlotte V. Rogers. The case resolved itself into a boundary suit. The parties owned adjoining sections of land, and the location of the lines between the sections was the issue to be determined.

Appellee objects to the consideration of appllants' brief because it fails to comply with the prescribed rules for briefing. The brief is subject to the objections urged against it, but in view of the condition of the record, it will not be necessary for us to pass upon appellee's motion to strike it from the record.

The statement of facts in the case consists of 121 pages, which has been agreed to by the parties, certified by the court reporter and approved by the trial judge. It contains this stipulation:

"It is agreed that the plats and maps referred to, which are not included in the original statement of facts, have been misplaced or lost and that substitutes or copies may be made and filed in the Court of Civil Appeals at any time before submission without filing copies in the trial court, and that said maps and plats, when filed in the Court of Civil Appeals, shall be considered as part of this statement of facts as though originally included herein; and attorneys for all parties respectfully request the court to consider said maps and plats when filed as a part of this statement of facts, and in the event the Court of Civil Appeals refuses to permit the filing of said plats and maps under this agreement, then the agreement to this statement of facts shall become null and void and the same not considered by the court."

Attached to the back of the statement, and following the agreement of counsel and the approval by the court, we find three maps. One is on thin yellow paper, which purports to be a map of the northwest part of Lubbock county; the second map is a printed map of the entire county; the third is on very heavy paper with the lines of the surveys traced partly in red ink and in black ink. This map bears this notation:

"The above is a sketch made by A. G. Harris, one of the witnesses, and is to be considered by the court under the agreement on the last page of the statement of facts."

[1] There are no maps contained in the main body of the statement of facts preceding the approval by the court and counsel, and from a perusal of the testimony of the witnesses, we conclude that neither of the three maps appended to the back of the statement were used by the witnesses during their testimony. Neither of them bears any mark of authentication by the stenographer, the court, or counsel. There is nothing before us to show when they were attached to the statement of facts, but it is clear that the back of the statement as originally prepared and approved has been taken off, the maps attached to the statement, and the back reattached by two ordinary clips. According to the terms of the stipulation, the original statement of facts does not contain copies of these maps, and we therefore have a statement of facts, a copy of which has not been filed in the trial court. Moreover, a statement of facts filed in this court in time cannot be amended by agreement of counsel or even by a supplemental statement, even though authenticated by the court, if filed after the time for filing the original statement. Atascosa County v. Alderman (Tex. Civ. App.) 91 S. W. 846; Rodriguez v. Priest (Tex. Civ. App.) 126 S. W. 1187; Dorsey v. Sternenberg, 42 Tex. Civ. App. 568, 94 S. W. 413; Walker v. Allen, 42 Tex. Civ. App. 630, 95 S. W. 585; Texas, etc., Co. v. Brown (Tex. Civ. App.) 179 S. W. 1125; Witherspoon v. Crawford (Tex. Civ. App.) 153 S. W. 633.

[2] Since the maps cannot be considered under the stipulation of counsel, the approval of the statement of facts is a nullity, and the result is that the case is before us without a statement of facts.

[3] The issues were tried to a jury, and the appellants' brief presents three propositions. The first challenges the sufficiency of the evidence to support the verdict; the second and third complain of the action of the court in failing to submit certain special issues. Neither of these contentions can be considered, in the absence of the statement

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of facts. Robinson v. Robinson Est. (Tex. Civ. App.) 225 S. W. 93; McKenzie & Ferguson v. Gulf, C. & S. F. Ry. (Tex. Civ. App.) 133 S. W. 1071.

The judgment is therefore affirmed.

RANDOLPH, J., not sitting.

## On Motion for Rehearing.

HALL, C. J. Attached to the motion for rehearing is an agreement, signed by counsel for both sides, that appellee waives the filing of a copy of the statement of facts in the trial court, and also waives the filing of the maps attached to the statement of facts in the trial court, and further agrees that the statement of facts now on file in this court, with maps attached, is a correct statement of the facts proven in the trial court. It is further stipulated that at least one of the maps which has been attached to the statement of facts was introduced in evidence and used as evidence in the trial. We are not informed by the motion or agreement which one of the maps was used in evidence. This, however, becomes immaterial for the reason that parties cannot supplement a statement of facts after it has been filed in this court by an agreement of counsel. If the maps were lost after the trial, and before the statement of facts was prepared, it was the plain duty of appellants to have them substituted by proper proceedings in that court, and if in doing so the filing of the statement of facts in this court was delayed, the delay would have been excused for that reason.

[4] It is too late now to attempt to amend or supplement a statement of facts in this way, even if such practice were permissible.

In addition to the authorities cited in the original opinion, the following cases are conclusive upon the point: Williamson v. Work, 33 Tex. Civ. App. 369, 77 S. W. 266; Holliday v. Cromwell, 26 Tex. 188; Grace v. Walker, 95 Tex. 39, 64 S. W. 930, 65 S. W. 482.

The motion is overruled.