CROTSENBURG et al. v. TEXAS EMPLOYERS' INS. ASS'N et al. (No. 9784.) *

(Court of Civil Appeals of Texas. Dallas. Nov. 20, 1926. Rehearing Denied Dec. 18, 1926.)

1. Appeal and error ⬳544(1)—In absence of statement of facts, objections to specific issues, or admission of evidence, cannot be considered on appeal.

In absence of statement of facts, objections to submission or failure to submit specific issues to jury, or in admitting evidence, cannot be considered on appeal.

2. Appeal and error ⬳882(12)—Claimants were estopped to claim that charge substantially embodying their request was erroneous.

Where court charged substantially as requested by claimants, they were estopped to complain that charge was erroneous.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Suit under the Employers' Liability Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309) by Carl M. Crotsenburg and others, claimants, opposed by the Texas Employers' Insurance Association and others. Final ruling and award of Industrial Accident Board was rendered in claimants' favor, and on appeal to the district court a judgment was rendered for defendants, and claimants appeal. Affirmed.

White & Yarborough, of Dallas, for appellants.

Lawther, Pope, Leachman & Lawther, of Dallas, for appellees.

LOONEY, J. Carl Crotsenburg, an employé of Dallas Power & Light Company, filed with the Industrial Accident Board claim for an award based on an alleged injury received by him in the course of his employment. From a final ruling and award by the board in his favor, appellee perfected an appeal to the district court of Dallas county. The case was tried to a jury, and submitted on special issues, which were found against the contention of appellants Crotsenburg and his attorney, John White, who made himself a party to the proceedings. On motion the court below rendered judgment for appellee, from which this appeal is prosecuted.

[1] The case is before us without a statement of facts; hence we are unable to say that any material error was committed by the trial court in either submitting or in failing to submit special issues or in rulings admitting evidence in the respects complained of by appellants. Hines v. Sparks (Tex. Civ. App.) 146 S. W. 289, 299; Spitzer v. Smith (Tex. Civ. App.) 218 S. W. 599; Brownwood Gas Co. v. Belser (Tex. Civ. App.) 257 S. W. 605; Love v. Spencer (Tex. Civ. App.) 273 S. W.

883; Norwood v. McMillan (Tex. Civ. App.) 278 S. W. 331; Parrish v. Parrish (Tex. Civ. App.) 280 S. W. 901.

[2] One of appellants' contentions is that the court erred in defining and submitting the issue of proximate cause. It appears from the record that appellants pleaded their case on the theory that the condition from which Crotsenburg suffered was the direct and proximate result of his alleged injuries, and at the conclusion of the evidence, and before the court charged the jury, they requested a charge in which this issue appeared substantially as given by the court. We are of the opinion, therefore, that appellants are estopped to complain, even if error was committed in the charge. Railway Co. v. Eyer, 96 Tex. 73, 70 S. W. 529; Paris & G. N. R. Co. v. Flanders, 107 Tex. 326, 179 S. W. 263, 264; Wichita Cotton Oil Co. v. Hanna, 107 Tex. 30, 173 S. W. 644.

However, it seems from the authorities that no error was committed by the court in submitting the case on that theory. Tex. Emp. Ins. Ass'n v. Downing (Tex. Civ. App.) 218 S. W. 112, 121; Tex. Emp. Ins. Ass'n v. Jimenez (Tex. Civ. App.) 267 S. W. 752, 758; Tex. Emp. Ins. Ass'n v. Herring (Tex. Com. App.) 280 S. W. 740.

We have carefully considered appellants' assignments and propositions, and, finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.