## LAMB v. ISLEY.

### No. 11039.

Court of Civil Appeals of Texas. Galveston.
July 18, 1940.

Rehearing Denied Oct. 3, 1940.

Landman & Landman and E. A. Landman, all of Athens, for appellant.

Lee & Porter, of Longview, for appellee.

MONTEITH, Chief Justice.

This is an appeal in a suit brought by appellant, E. A. Lamb, against appellee, I. Isley, to review an action brought by Isley in the 124th Judicial District Court of Gregg County on May 21, 1932, against Lamb and others, styled I. Isley v. J. L. Duncan et al., for the title and possession of a certain tract of 3.86 acres of land in Gregg County. Plaintiff sought to cancel a quitclaim deed and an agreement between himself and others involving said land.

For convenience, appellant will be designated in this opinion as Lamb and appellee as Isley.

Lamb filed a cross-action alleging the ownership of the land in question in himself. Judgment was rendered on February 2, 1935, in favor of Isley and against Lamb for the title and possession of the land sued for.

On November 20, 1936, Lamb filed a petition in said cause in the nature of a bill of review against Isley and others, attacking said judgment on the ground of fraud alleged to have been committed by Isley and his attorney, W. Edward Lee, who was alleged to have represented both Lamb and Isley in said cause, and to have, in violation of an agreement with Lamb, taken judgment against him in favor of Isley.

A general demurrer of defendants was sustained and upon Lamb's refusal to amend said cause was dismissed. On appeal, the cause was reversed and remanded on the grounds of fraud on the part of Isley and his counsel. After the mandate was issued Lamb took a voluntary nonsuit on June 27, 1938. On December 17, 1938, he filed a second bill of review in which he was represented by other counsel. This cause proceeded to trial on May 15, 1939. During the trial thereof Lamb, with the consent of the court, filed a trial amendment, to which Isley excepted on the ground that it did not allege in what respect defendant had a meritorious defense to plaintiff's original cause of action, or bring forward the proceedings of the original suit; that the cause of action there alleged had not been alleged in the prior bill of review and that it was barred by the two and four years' statutes of limitation. All exceptions and motions were overruled and at the conclusion of the evidence the cause was submitted to the jury on fourteen special issues, of which only four were answered by the jury.

On motion of Isley, judgment was rendered in his favor on said verdict on June 2, 1939. The term of court at which said cause was tried expired on July 1, 1939. No disposition of Lamb's motion for a new trial having been made, an order was entered on June 27, 1939, extending the term of court for that purpose. On September 1, 1939, Lamb filed an amended motion for a new trial and for judgment non obstante veredicto. These motions were overruled. On September 7, 1939, the court sustained a plea in abatement filed by Isley on the ground that it was without jurisdiction to hear and determine either of these motions.

There is no statement of the facts introduced in the trial court in the record; therefore, in the absence of fundamental error, we must rely upon an examination of the pleadings and the judgment of the court in passing on the correctness of its judgment, in that we cannot determine from

the record whether the evidence introduced was sufficient to sustain the issues not answered by the jury, or whether, under the record, they were material. Lamb was the moving party on this appeal and it became his duty to produce the statement of facts. Hanson v. Ponder et al., Tex.Com.App.,. 5 S.W.2d 767. In the absence of a statement of the facts introduced we must presume that the issues answered were supported by sufficient evidence.

The record in this court consists only of a transcript of 395 pages, a large part of which is copies of pleadings filed prior to the date of the filing of said second bill of review, and since the record contains no statement of the facts introduced in the trial of the second bill of review, we are not permitted to consider as evidence the matters and allegations contained therein, except in so far as they may show the proceedings in the original suit and the cause of action alleged in the prior bill of review.

The trial court in his judgment found that the jury made answer to all defensive issues (issues Nos. 11, 12 and 13) favorable to defendant; and that by its answer to special issue No. 14 it found against appellant's contention that the original agreement between Isley and Lamb was changed by the execution of the quitclaim deed executed to Isley by Lamb on March 1, 1932; and that the jury's answers to said four special issues were sufficient to support and require that judgment be entered for defendant.

The first ten issues submitted by the court, which the jury failed to answer, relate to the location of boundaries, the question of whether Lamb and Isley entered into an agreement prior to the judgment complained of, and as to whether or not the land described in said quitclaim deed included the 3.86 acres of land involved in the original cause. The eleventh issue inquired if Lamb and Isley, during the month of May, 1932, entered into an agreement, whereby Isley executed certain instruments and placed them in escrow pending the determination of a lawsuit involving the location of the south boundary line of the Thomason survey. The jury answered this issue, "Yes". The twelfth issue inquired as to whether there was an agreement be-

tween Lamb and Isley that the oil and gas lease and mineral deed previously inquired about would not be delivered to Lamb and that he would have no interest in said land unless the claimed interest of the Duncans was cancelled. The jury also answered this issue, "Yes". The thirteenth issue inquired as to whether there was an agreement between Lamb and Isley that said oil and gas lease and mineral deed would not be delivered to Lamb unless the south boundary line of the Thomason survey was established at about 60 or 66 varas north of a certain fence line. The jury answered this issue, "No". The fourteenth issue inquired as to whether the agreement concerning the delivery of said oil and gas lease and mineral deed was changed by a quitclaim deed from Isley to Lamb on November 1, 1932. The jury answered this issue, "No".

■ It is the settled law in this state that where there is no conflict in the answers to the issues submitted to the jury, the fact that certain issues were not answered does not necessarily render the judgment void, where the issues answered decide the essential question upon which the merits of appellant's cause depends and warrants and supports the judgment rendered. Jones v. State Fair of Texas, Tex. Civ.App., 127 S.W.2d 948; Coons v. Lain, Tex.Civ.App., 168 S.W. 981; Grice v. Herrick Hardware Co., Tex.Civ.App., 219 S. W. 502.

■ Further, our courts have uniformly held that where the judgment rendered by the trial court was the proper one under undisputed facts, it is the duty of the reviewing court to affirm it, even though the trial court gave the wrong reasons therefor. Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298; Id., 111 Tex. 419, 239 S.W. 185; Schuyler et al. v. Lacy et al., Tex.Civ.App., 79 S.W.2d 901; Hanks v. Magnolia Petroleum Co., Tex.Com.App., 24 S.W.2d 5; Pinkston v. Pinkston, Tex.Civ.App., 81 S. W.2d 196; Kimball-Krough Pump Co. v. Judd, Tex.Civ.App., 88 S.W.2d 579.

We find no fundamental error in the record. The judgment of the trial court is, therefore, in all things affirmed.

Affirmed.