## PATTERSON v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 13618.

Court of Civil Appeals of Texas. Dallas.

May 4, 1945.

Rehearing Denied June 15, 1945.

White & Yarborough, of Dallas, for appellant.

Burford, Ryburn, Hincks & Charlton and Howard Jensen, all of Dallas, for appellee.

LOONEY, Justice.

This is a compensation case. Gerald Patterson was an employe of Texas Farm & Ranch Publishing Company and Holland Magazine Company. Texas Employers' Insurance Association, the insurance carrier, was sued by Patterson to recover compensation for injuries received in course of said employment. He alleged that, while operating a metal shaver having a roller of 200 pounds pressure, his left hand was caught in the shaver, was wounded and injured, also the fingers and thumb of the hand, and his left arm; described in detail and at length the injuries, alleging that they resulted in permanent loss of the use of these members, that is, his left arm, hand, fingers and thumb.

The court submitted to the jury issues 1 to 21, inclusive, as to whether appellant sustained total loss of use of the first three fingers of his left hand for any length of time, whether permanent or temporary, and if temporary, the number of weeks he suffered total loss of use of said fingers; also, in a group of issues, the jury was asked to find whether appellant sustained partial loss of the use of the three fingers for any length of time, whether permanent or temporary, and if temporary, the number of weeks he suffered such partial loss; also the percentage, if any, of the partial loss. Following these issues, the court submitted special issue No. 22 reading: "Do you find from a preponderance of the evidence that the result of the injury of April 15, 1943, was limited to the fingers of plaintiff's left hand below the knuckles?"; and following this the court charged: "If you have answered special issue No. 22 'Yes' then you will not answer special issues numbered 23 to 29, both inclusive; otherwise, you will answer them." Special issue 23, submitted conditionally as just stated, reads: "Do you find from a preponderance of the evidence that plaintiff, Gerald Patterson, sustained the total loss of the use of his left hand for any length of time as a result of the injuries sustained by him while employed by Texas Farm & Ranch Publishing Company and Holland Magazine Company?"; if answered "Yes", to answer whether such total loss was permanent or temporary, and if temporary, the number of weeks Patterson suffered total loss of the use of his left hand; and in issue No. 26 the jury was required to answer whether he sustained partial loss of the use of his left hand, and if answered "Yes", whether such partial loss was permanent or temporary; and if temporary, to state the percentage of partial loss. Following issues 23 to 29, inclusive, conditionally submitted, the court submitted issue No. 30 requiring the jury to find from a preponderance of the evidence the average weekly wage of Patterson on April 15, 1943; concluding the charge with issue No. 31, as follows: "Do you find from a preponderance of the evidence that the result of the injury of April 15, 1943, was limited to the fingers of the plaintiff's left hand below the first two joints thereof?"

In response to the issues affirmatively submitted, the jury found that appellant sustained total loss of use of the first, second and third fingers of his left hand for 12 weeks; also 50% partial loss of the use of same for 26 weeks; and, having answered special issue No. 22 "Yes", that is, that the result of plaintiff's injury was

limited to the fingers of his left hand below the knuckles, did not answer special issues 23–29, inclusive, conditionally submitted, but answered special issue No. 30 that plaintiff's average weekly wage on April 15, 1943, was $20 per week; and in response to special issue No. 31, answered "Yes", that is, that the result of plaintiff's injury was limited to the fingers of his left hand below the first two joints.

Based upon these findings, the court sustained appellant's motion for judgment, but, in view of the answer of the jury to special issue No. 31, limited his recovery to compensation for the loss (cumulated) sustained for injuries to one-third of the three fingers of his left hand. Appellant excepted and, his motion for a new trial being overruled, gave notice of and perfected an appeal.

The case is before us without a statement of facts. Appellant urged numerous assignments of error in his motion for a new trial, and presents several points of error; but as we think the judgment below will have to be reversed and the cause remanded because of an error in the court's charge, only one point of error will be considered, that is, the point based upon assignments Nos. 25–26 in the motion for new trial complaining of the conditional submission of special issues Nos. 23–29, inclusive; appellant's contention being that he was deprived of an affirmative submission of the theory that his left hand was permanently injured and that he was entitled to compensation for the loss sustained thereby.

■ As heretofore shown, one of the controlling questions presented by appellant was that his left hand had been permanently injured, which by implication presented all lesser disabilities. See Texas Employers' Ins. Ass'n v. Drayton, Tex.Civ. App., 173 S.W.2d 782–790, App. ref. want merit. The court having submitted these issues, although conditionally, the presumption must be indulged that the evidence authorized their submission. See Wagstaff v. North British & Merc. Ins. Co., Ltd., Tex. Civ.App., 88 S.W.2d 550; House v. Brackins, Tex.Civ.App., 130 S.W.2d 917, 918, where it was held that the appellate court would "assume that the issues submitted found support in pleadings and evidence, and were sufficient to sustain the verdict of the jury, else they would not have been submitted by the trial court." To the same effect, see Lamb v. Isley, Tex.Civ. App., 143 S.W.2d 202.

■ We think the court erred in refusing to submit affirmatively issues 23–29, inclusive, as to the alleged hand injury sustained by the appellant, and loss of the use of same, as this was one of the controlling issues raised by the pleadings and obviously by the evidence, else the court would not have submitted same, although conditionally.

■ The right of a litigant to an affirmative presentation of his theory of the case is not determinable by what the jury may have found in response to other issues; and it is no answer to say that the findings on other issues, in effect, found on the issue not submitted, as the conditions existing before, and not the conditions existing after verdict, control. See Rule 279, Texas Rules of Civil Procedure; also 41 Tex.Jur., Sec. 280, pp. 1115–1118, and numerous authorities there cited.

For this error the judgment of the court below is reversed and the cause remanded. In view of this disposition of the case, we do not deem it necessary to discuss or decide either of the other questions presented by the parties.

Reversed and remanded.

## On Rehearing.

In support of its motion for rehearing, appellee has called our attention to the case of Crotsenburg v. Texas Employers' Ins. Ass'n., Tex.Civ.App., 288 S.W. 1113 (writ refused), decided by this Court December 18, 1926, the contention being that our decision in the instant case is in conflict with our decision in the former case. We have very carefully reread the case as reported, and also re-examined the original record, with the result that we find no conflict in the two decisions. In the Crotsenburg case, the jury answered that the paralysis, from which he suffered and of which he complained, was not due to the injuries sustained by him as an employe, which determined the question of liability and settled the case against him. If the jury had answered contrarily, other corollary and dependent issues submitted would have been answered.

Counsel for the appellee are to be commended for their enterprise in efforts to bring before the court pertinent authorities, but we think they overestimated the value of the Crotsenburg case as an authority. After giving due consideration to the grounds set up for rehearing, the motion is overruled.