PARIS & G. N. R. CO. et al. v. FLANDERS.
(No. 2771.)

(Supreme Court of Texas. Oct. 20, 1915.)

APPEAL AND ERROR ⬥⟿882—INVITED ERROR—SUBMISSION OF ISSUE.

In a railroad switchman's action for injuries, defendant could not complain of the submission, as a ground of recovery, of its negligence in permitting an engine with a brilliant headlight to stand in the yards, though this was not the proximate cause of the injury, where its own requested charges called for a determination of the same issue of fact.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. ⬥⟿ 882.]

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Charles Flanders against the Paris & Great Northern Railroad Company and others. A judgment for plaintiff was affirmed by the Court of Civil Appeals (165 S. W. 98), and defendants bring error. Affirmed.

Terry, Cavin & Mills, of Galveston, Andrews, Streetman, Burns & Logue, of Houston, and Wright & Patrick, of Paris, for plaintiffs in error. Carlock & Carlock, of Ft. Worth, for defendant in error.

PHILLIPS, C. J. The suit of the defendant in error, Flanders, for damages on account of personal injuries suffered while engaged in his duties as a switchman in the employ of the plaintiffs in error, was predicated upon two distinct issues of negligence, and each of them was submitted by the court in its general charge to the jury. One was permitting a road engine to stand in the railway yards where Flanders was working at

night—at the time of his injury setting the brakes on a car which had been shunted or "kicked in" by the switch engine on a side track, and which violently collided with another car stationary on the track, causing him to be thrown to the ground—with its electric headlight brilliantly burning, which, it was claimed, had the effect of blinding him, and rendering his work dangerous by obscuring his vision, and because of which he was unable to set the brakes on the car before the collision.

The honorable Court of Civil Appeals, upon the original hearing, reversed the judgment obtained by Flanders in the trial court because of the submission of this issue, holding that, while there was sufficient evidence to warrant a finding that this was an act of negligence, yet, under the evidence, it could not have contributed to the injury. On rehearing it affirmed the trial court judgment, because of its view that the error in submitting the issue had been invited by certain instructions requested on the trial by the railway . company. The writ of error was granted on this latter ruling. It presents the only question which it is necessary to discuss; on all other questions the judgment, in our opinion, being entitled to affirmance.

[1] The rule of invited error rests in the principle of estoppel; its reason being that a party is in no position to complain of an error which he has induced the court to commit. It may easily be carried too far, especially in the case of requested instructions, which, in general, are as often framed by counsel for the purpose of adapting the submission of issues to what are understood to be the views of the court upon the questions involved as inducing the submission of a particular issue, or an issue in a particular way. The consequence of an evident error on the part of the court substantially affecting a party's rights and depriving the trial of the legal character which it is the duty of the court to maintain ought not to be avoided by its technical application. For their elements of finality and conclusiveness the judgments of courts are dependent upon a legal trial. The conduct of the proceeding so as to insure such a trial is an obligation resting primarily upon the court itself; and the responsibility for the court's action in the commission of hurtful errors ought not to be transferred to a litigant unless it is reasonably plain that through the action of his counsel he is equally chargeable with the mistake. As applied to errors in the charge apparently induced by requested instructions, the test of the question, therefore, is that definitely announced in the thoughtful opinion of Chief Justice Gaines in Railway Co. v. Eyer, 96 Tex. 73, 70 S. W. 529, following but limiting Railway Co. v. Sein, 89 Tex. 63, 33 S. W. 215, 558, namely, whether by means of a special instruction requested before the charge is read to the jury the court

is asked to affirm the proposition which is erroneously affirmed in the given charge. If so, the rule applies; otherwise it does not.

Making use of that test here, it is manifest that the error of the court in submitting in the general charge as an issue of negligence the presence of the brilliant headlight in the railway yards while Flanders was engaged in his particular duties must be regarded as having been invited by at least one of the special instructions requested by the railway company. The instruction referred to is in the following language:

"If you should believe from the evidence that the light from the headlight of one of the defendants' locomotives in the yard at the time of the plaintiff's injury shone on plaintiff while he was in performance of his work in such manner as to render the performance of same dangerous, and if you should further believe from the evidence that plaintiff had knowledge of the presence of said light before beginning his work, or that a person exercising such care under the same circumstances would have had knowledge of the presence, position, and probable effect of said light upon a person attempting to perform the duties plaintiff was to perform on said track, and you further find from the evidence that plaintiff, in attempting to perform his duties, under the circumstances, failed to exercise ordinary care for his own safety, if he did, or if you believe from the evidence that by the exercise of ordinary care in the performance of his duty, plaintiff could by changing his position on the car, if you find he did not do so, have avoided the effect of said light and danger therefrom, then in event you find that in either or all of the instances above named plaintiff failed to exercise ordinary care; and that such failure, if any, proximately caused or contributed to his injury, you are instructed that same would not bar a recovery by plaintiff, but the damage, if any, should be diminished by you in proportion to the amount of negligence attributed to plaintiff."

The purpose of this special instruction was the· submission of the issue of contributory negligence, predicated upon the plaintiff's attempting the particular work with knowledge of the presence of the headlight, or under circumstances charging him with such knowledge, and in making no effort to avoid its effect. But in its direction "that, if the jury should believe from the evidence that the light from the headlight shone on the plaintiff while he was in the performance of his work, in such manner as to render its performance dangerous," and should further find in accordance with the additional part of the instruction "a recovery would not be barred," but the damages should only be diminished in proportion to the negligence attributable to him, the plain sense of the instruction is that on the issue of the headlight the plaintiff was entitled to recover in some amount, if the effect of its presence was to render dangerous the performance of his work. By its terms the recovery by the plaintiff, which it says would not be barred by a consistent finding under the entire instruction, is as definitely based upon that issue as a diminution of the damages is related to the issue of contributory negligence.

In the general charge the issue as to the

headlight was presented in substantially the same terms, except that it required, as a condition for any recovery by the plaintiff upon the issue, not only that the light was of such brilliance as to render it dangerous to switchmen in the discharge of their duties, but that it blinded the plaintiff so as to prevent his seeing the standing car, or interfered with him in the discharge of his duties, and that permitting the light to be as it was amounted to negligence. The special instruction, in fact, imposed a less burden upon the plaintiff, in that, as already noted, it authorized a recovery in his favor on the issue, provided only that the jury found the headlight rendered dangerous the performance of his work.

The special instruction was more than a mere reference to this issue. It announced the right of the plaintiff to recover on the issue, and, as stated, it furthermore permitted such recovery on a finding of less than the general charge exacted. Having in this instruction distinctly affirmed the proposition erroneously embodied in the general charge, under the ruling of Railway Co. v. Eyer, the plaintiff should not be heard to complain of the charge, unless there is sufficient indication in the record that the instruction was requested after the charge was given. Upon the trial no contention appears to have been made by the plaintiff in error that this was not properly an issue to be submitted to the jury. The record suggests nothing that would amount in any form to an objection to its submission. It in no wise indicates that the instruction was not requested until after the charge was given. With the record in this state, the presumption obtains that it was requested before that time. Railway Co. v. Sein.

The judgments of the district court and Court of Civil Appeals are affirmed.