## NABORS v. COLORADO & S. RY. CO.
(No. 1503.)

(Court of Civil Appeals of Texas. Amarillo. March 12, 1919.)

1. TRIAL ☞284—INSTRUCTIONS—FAILURE TO OBJECT—WAIVER.

Under Vernon's Sayles' Ann. Civ. St. 1914, § 1971, plaintiff's failure, in a suit against a carrier for damages to an interstate shipment, to object to a charge submitting the issue of negligence, waived any errors committed in such submission.

2. CARRIERS ☞108—DAMAGE TO GOODS—LIABILITY—CARMACK AMENDMENT.

Under the Carmack Amendment (U. S. Comp. St. § 8604a), the common-law rule of liability attaches to a carrier, and it is not liable as an insurer.

3. CARRIERS ☞131—INTERSTATE SHIPMENT—INJURY—PLEADING.

It is not necessary for the plaintiff, in an action for damages to an interstate shipment resulting from defective refrigerator cars, to either allege or prove negligence of the carrier.

4. APPEAL AND ERROR ☞882(14)—REVIEW—INVITED ERROR—INSTRUCTIONS.

A party cannot complain of a charge submitting the issue of negligence to the jury, where he invited the error by pleading negligence, offering proof thereon, and impliedly assenting to the charge by failing to object to it.

Appeal from Wichita County Court; Harvey Harris, Judge.

Action by W. A. Nabors against the Colorado & Southern Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Chauncey & Davenport, of Wichita Falls, for appellant.

F. S. Jones, of Wichita Falls, and Thompson, Barwise, Wharton & Hiner, of Ft. Worth, for appellee.

HALL, J. Appellant sued appellee railway company to recover damages alleged to have resulted to a shipment of vegetables from Denver, Colo., to Wichita Falls, Tex. It is alleged that the damages resulted from the fact that the car was in bad condition at the time the vegetables were loaded or because defendant permitted it to get in bad condition in transit; that it was a refrigerator car, and the drain pipes for carrying away the water from the melting ice became or were permitted by defendant to become clogged and stopped up, thereby causing the water to flood the car, and continues:

"That the acts above complained of constituted negligence on the part of defendants and were the direct and proximate cause of the damage to said vegetables. That, if the defendants had exercised ordinary care and diligence in the operation of said car and in the handling of

same, said damage would not have been sustained."

Appellee met the allegation of negligence by general denial. Appellant sought to prove negligence by the testimony of several witnesses. Defendant rebutted this evidence by the testimony of its witnesses, sharply contesting the issue of negligence. The only paragraph of the charge was one defining negligence. This is followed by special issue No. 1, requesting the jury to bear in mind the definition of negligence given, and to find whether or not the defendant was guilty of negligence in the manner in which it transported the vegetables from Denver to Wichita Falls. To this issue the jury answered: "No."

Special issue No. 2 is:

"If you have answered special issue No. 1, 'Yes,' then find whether or not said negligence was the direct and proximate cause of said damage, if any."

By the third special issue, the jury is requested to find upon the question of market value, and by the fourth special issue the matter of attorney's fees is submitted. Having found that there was no negligence as submitted by the first special issue, no answers were made to the remaining issues. Appellant made no objection whatever to the charge of the court.

By his first assignment of error, it is insisted that the verdict is not sufficient to support a judgment for the defendants because only the first special issue was submitted, "and which issue was not the issue in the case, and the only issue in the case that should have been submitted was as to whether or not said vegetables were damaged in shipment and the extent of such damage," etc. The proposition urged under this assignment is in substance, that a common carrier is an insurer and is liable except where the loss results from the act of God, the public enemy, the acts of the shipper, or through the inherent vice of the thing shipped, and where no such defenses are set up the carrier is liable for the loss sustained.

The second assignment, in substance, is that the judgment is contrary to the law, in this: The uncontroverted evidence showed that the vegetables were in good condition when received by the carrier and in bad condition when delivered to plaintiff, and therefore, as a question of law, plaintiff was entitled to recover unless the carrier could show it was released under the common-law rule of liability.

[1, 2] The first assignment is disposed of upon the ground that the appellant failed to object to the charge of the court which submitted the issue of negligence. It is provided by Vernon's Sayles' Civil Statutes, art. 1971, that a failure to so object waives errors in instructions. This being an interstate ship-

ment, the rights of the parties are controlled by the provisions of the Carmack Amendment; section 8604a, U. S. Comp. Stat. (24 Stat. 386; 34 Stat. 595; 38 Stat. 1196; 39 Stat. 441), amending Act February 4, 1887, § 20, as amended; Act June 29, 1906, § 7; Act March 4, 1915, c. 176, § 1; and Act August 9, 1916, c. 301; and the decisions of the federal courts construing it. Appellant is not correct in asserting that appellee is an insurer. It is liable for a default in its common-law duty, and not as an insurer under the provisions of the Carmack Amendment. Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257.

[3] It was not necessary for appellant to either allege or prove negligence on the part of the carrier in order to recover. Cudahy Packing Co. v. A., T. & S. F. Ry. Co., 193 Mo. App. 572, 187 S. W. 149, 151, and authorities cited. As held by the Supreme Court of the United States in Galveston, H. & S. A. Ry. Co. v. Wallace, 233 U. S. 481, 32 Sup. Ct. 205, 56 L. Ed. 516, proof of delay of an interstate shipment to the initial carrier and of failure to deliver the same to the consignee raises a presumption of negligence so as to give rise to the liability imposed by the Carmack Amendment, and cast upon the carrier the burden of proving that the loss resulted from some cause for which the initial carrier was not responsible in law or by contract. Under the federal decisions, a carrier is not liable for loss or damage arising from the act of God, the common enemy, the owner of the property, or resulting from the nature of inherent vice of the property itself. Hall v. Railroad Cos., 13 Wall. 367, 20 L. Ed. 594; Railroad Co. v. Reeves, 10 Wall. 176, 19 L. Ed. 909; Nelson v. Woodruff, 1 Black, 156, 17 L. Ed. 97; The Niagara v. Cordes, 21 How. 7, 16 L. Ed. 41.

[4] The attitude assumed by appellant in the lower court will require an affirmance of the judgment. The error committed by the trial judge in submitting the case to the jury upon the issue of negligence was invited by appellant, by pleading negligence, by offering proof upon the issue, and by impliedly assenting to the charge in failing to file his objections under the statute.

"The alleged negligence of defendant's servants, in bumping against the rear end of the train on which plaintiff was at work, was in striking it with great and unusual force. Plaintiff cannot complain of the court submitting the issue as he made it in his pleading, and in refusing to submit it in any other manner." Rea v. St. Louis Southwestern Ry. Co. of Texas, 73 S. W. 555.

"The objections to the charge embodied in the proposition under the seventh and eighth assignments of error are based on the theory that they are not supported by the pleadings; but, as above indicated, the pleadings of appellants raised the issue of reasonable value of improvements, and they introduced testimony on that issue. They certainly cannot reasonably object to the submission of an issue raised by them in their pleadings and testimony." Banks v. House, 50 S. W. 1022, affirmed in 93 Tex. 58, 53 S. W. 338; Paris & G. N. Railroad Co. v. Flanders, 107 Tex. 326, 179 S. W. 263; M., K. & T. Ry. Co. of Texas v. Maxwell, 130 S. W. 722; Hildebrand v. Head, 88 S. W. 438.

The judgment is affirmed.

---

⊕=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes