## INDEPENDENT SHOPE BRICK CO. v. DUGGER. (No. 686—4593.)

(Commission of Appeals of Texas, Section B. June 23, 1926.)

**1. Appeal and error ⬅⮕882(14)—Defendant, requesting submission of special issue, is estopped to claim that there is no evidence in record raising such issue.**

Defendant, sued for damages for failure to furnish brick as warranted, requesting submission of special issue to jury whether plaintiff could have repaired house so as to prevent dampness from penetrating without material damage to building, is estopped to claim that there is no evidence in record raising such issue.

**2. Sales ⬅⮕441(4).**

In action to recover damages for breach of warranty in sale of brick, evidence *held* to justify finding that building could not have been repaired without material damage thereto.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Suit by W. L. Dugger against the Independent Shope Brick Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (281 S. W. 600), and defendant brings error. Affirmed.

W. L. Eason and Sleeper, Boynton & Kendall, all of Waco, for plaintiff in error.

John McGlasson and Weatherby & Rogers, all of Waco, for defendant in error.

POWELL, P. J. The nature and result of this suit in the trial court have been admirably stated by the Court of Civil Appeals in an able opinion by Chief Justice Gallagher. See 281 S. W. 600. It is not necessary for us to restate the case at length. The nature of the suit is summarized by the Court of Civil Appeals, as follows:

"This is a suit instituted by W. L. Dugger, appellee herein, to recover of Independent Shope Brick Company, appellant herein, damages alleged to have been suffered by reason of the failure of certain building brick to conform to the warranty of quality made in the sale of the same to him. The parties will be designated as in the trial court. There was a trial before a jury. The case was submitted on special issues, and a verdict thereon duly returned. The court entered judgment on such verdict in favor of plaintiff against the defendant for the sum of $8,000, from which judgment defendant prosecutes this appeal."

The Court of Civil Appeals affirmed the judgment of the district court.

The writ of error herein was granted "on the first error assigned." That assignment, and its accompanying proposition, read as follows:

"I. The honorable Court of Civil Appeals erred in holding as a matter of law that the answer and finding of the jury in answer to defendant's special issue No. 2, to the effect that the injury to the house complained of in this action could not be repaired without material damage to such house, precluded plaintiff in error from insisting that the damages in this cause be restricted to the cost of repairing the defects, for the reason that such answer of the jury was contrary to the uncontradicted evidence and unsupported by any evidence. Upon this holding the Court of Civil Appeals erroneously affirmed the judgment of the trial court in favor of plaintiff in error, and herein the Court of Civil Appeals committed an error of law of such importance to the jurisprudence of the state as to require correction by the Supreme Court. This error is complained of in assignment 9a in plaintiff in error's motion for rehearing.

"Proposition.

"In an action for damages for breach of warranty in the sale of brick used in the construction of a brick residence, where the uncontradicted evidence of the plaintiff himself was that the defects could be cured by stuccoing the house on the outside at a cost of from $1,200 to $1,500, and the only damage to such residence in such case would be a matter of taste, a finding of the jury to the effect that such defects could not be cured without material damage to the building is contrary to the uncontradicted evidence, and is unsupported by the evidence. (Appellant's proposition No. 1 under assignments of error Nos. 9, 10, and 11—Appellant's brief, pp. 30, 31.)"

The defendant in error submits two counter propositions under aforesaid assignment, as follows:

First. "Plaintiff in error having requested the court to submit to the jury a special issue as to whether or not defendant in error could have repaired his house so as to prevent the dampness from penetrating the inner walls without material damage to the building, and the court having submitted same at its request, and the jury having answered same, plaintiff in error is bound by the answer, and cannot complain on appeal that the answer was unsupported by the evidence."

Second. "The testimony of defendant in error to the effect that some one had told him that he could have his house stuccoed and that he would then have no further trouble with it was without probative force, the defendant in error not being an expert in building, the testimony being hearsay, and not being sufficient to overcome a jury finding to the contrary."

We think the first counter proposition must be sustained. The plaintiff in error itself requested the trial court to submit to the jury the following special issue (No. 2):

"Could plaintiff have repaired his house so as to prevent the dampness from penetrating the inner walls without material damage to the building? Answer 'Yes' or 'No.'"

[1] While a party, having requested the submission of a special issue to a jury, might complain that the jury's answer was against the great weight of the testimony (a question not before us in this case and which we do not decide), it seems perfectly clear, under

our decisions, that he is estopped to claim there is no evidence in the record raising that issue. This is the uniform holding of our Supreme Court and the various Courts of Civil Appeals. The reason for the rule is apparent. Counsel for defendant in error, in this connection, cite the following authorities, which sustain their first counter proposition aforesaid: Poindexter v. Receivers, Kirby Lumber Co., 101 Tex. 322, 107 S. W. 42; P. & G. N. R. R. Co. v. Flanders, 107 Tex. 326, 179 S. W. 263; Hanrick v. Hanrick, 110 Tex. 59, 173 S. W. 211, 214 S. W. 321; St. L., B. & M. Ry. Co. v. West, 62 Tex. Civ. App. 553, 131 S. W. 839; Blair v. Nueces River Valley R. Co. (Tex. Civ. App.) 143 S. W. 713; Am. Const. Co. v. Caswell (Tex. Civ. App.) 149 S. W. 282; Vesper v. Lavender (Tex. Civ. App.) 149 S. W. 377; T. & B. V. Ry. Co. v. Smith (Tex. Civ. App.) 155 S. W. 361; Shear Co. v. Smith (Tex. Civ. App.) 250 S. W. 727; Just v. Herry (Tex. Civ. App.) 174 S. W. 1012; Wade v. First Nat. Bank (Tex. Civ. App.) 263 S. W. 654; S. Chester Tube Co. v. Texhoma Oil (Tex. Civ. App.) 264 S. W. 108; Firemen's Ins. Co. v. Havron (Tex. Civ. App.) 277 S. W. 742.

We quote as follows from the opinion of Justice Williams in the case of Poindexter v. Receivers of Kirby Lumber Company, supra:

"All of the assignments presented for reversal in the Court of Civil Appeals have been examined, and we find that all of them, aside from that on which the judgment was reversed, were properly overruled, and all of them, save one, sufficiently discussed. That one complains of the submission, in the charge of the trial court, of the issue of negligence, vel non, with respect to the condition of the belt for want of evidence to sustain a recovery upon that issue. If there was error in this, it was one in which the defendants participated. We find in the record a special charge asked and given at their request in which both grounds of recovery were coupled together substantially as they were in the general charge. They are therefore not in a position to complain. International & G. N. R. R. Co. v. Sein, 89 Tex. 66 [33 S. W. 215, 558]."

In the case of Railway Co. v. Flanders, supra, Chief Justice Phillips reaffirms this rule and says:

"The rule of invited error rests in the principle of estoppel; its reason being that a party is in no position to complain of an error which he has induced the court to commit."

Once more we find Chief Justice Phillips speaking as follows in the case of Hanrick v. Hanrick, supra:

"It is clear to us, however, that Gurley is in no position to complain of the award of 1,759-acre tract to the Hanrick interest in satisfaction of the contribution claim, even if it be true, as found by the jury, that the tract was undervalued by the commissioners of partition. The jury also found that the 1,625-acre tract conveyed by E. G. Hanrick and Gurley to Goodrich & Clark-

son in consideration of their legal services was for the sole benefit of Gurley. There was ample support, resting in Gurley's repeated admissions in respect to the very transaction, for the finding. Gurley cannot complain of the submission of the issue. He himself requested its submission. With this true, there was no warrant for the Court of Civil Appeals' reversal of the judgment, on Gurley's complaint, upon the ground of there being no legal evidence to raise the issue."

So it seems quite clear that, counsel for plaintiff in error having at the trial thought the evidence raised this issue, as shown by their request for its submission, will not now be heard to contend that there is no evidence sustaining the finding of the jury in response to that issue. This case cannot be reversed upon any such assignment.

[2] But, as contended by counsel for defendant in error, in his second counter proposition hereunder, even if the assignment could be considered, there is evidence sustaining the finding of the jury that this building could not have been repaired without material damage thereto. In the application for writ of error, the testimony of Dugger himself, defendant in error, as follows, is set out:

"I will tell you another way I could have remedied the situation, and that would have been to cement the building, stucco it all over on the outside with some kind of waterproof stucco, and they didn't think I would have any more trouble, if I did that, but I didn't want a stucco house; I moved out of a stucco house. They thought I could waterproof the building by putting stucco on the outside and make it all right. I made some little inquiry about what it would cost to have it stuccoed but in fact I never got an estimate on it; I talked to Fell & Mimms about it, and they told me they thought it would cost $1,000 to $1,500 to stucco it and then I would have a stucco house. They said they thought it would not leak if that was done, but I have not stuccoed it. In regard to the value of a stucco house as compared with a brick residence, that all depends upon the construction of the stucco house, and then, that is quite a matter of taste; some people prefer a stucco house and others prefer a brick house and then you find people who want the hollow tile or plain brick stucco. It is just a matter of taste, but, so far as I am concerned, I wanted a red brick house with the white mortar; that is just what I wanted."

This testimony shows that certain experts had told Dugger that the stucco application would remedy the situation. Dugger himself was a layman. He was not an expert, and only knew what others told him about this matter. He knew nothing of a remedy first hand. He was only giving the jury the benefit of what certain experts had stated in their suggestions to him. But, as stated by counsel for plaintiff in error, in oral argument, no other witness seems to have mentioned this stucco remedy. Not one expert went on the stand to testify as to the sufficiency of this

particular remedy. On the other hand, many experts did suggest other remedies. Some said one thing only could be done to relieve the situation. The great weight of the testimony of the experts who testified was to the effect that any efficient repair to this building would involve "material damage" thereto. In fact, it seems to be necessary, under the testimony of these experts, to practically tear down the structure and rebuild it at great expense in order to stop these invasions of water. We have no doubt but that the jury was amply justified in its answer to this special issue just as found by the lower courts.

Of course, if this building could have been repaired at a cost not exceeding $1,500, then it would apparently be unjust for Dugger to recover $8,000 even though the new stucco building, not desired by him, did not suit his taste. At least, that seems to be the more reasonable and just rule. But, since the jury found no such repairs could be made anyway, we are not required to decide this contention, and do not do so.

Since the building could not have been repaired, as the jury found the fact to be, except with material damage thereto, we think the Court of Civil Appeals has correctly decided this case. Their opinion is clear and well written, and we see no reason to enlarge thereon.

We recommend that the judgments of the district court and Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.