## NATIONAL LIFE & ACCIDENT INS. CO. v. BUNTON. (No. 7268.)

Court of Civil Appeals of Texas. Austin.
Oct. 17, 1928.

Polk Shelton and Warren W. Moore, both of Austin, for appellant.

Richard Yett, S. E. Damon, and W. T. Williams, all of Austin, for appellee.

BLAIR, J. Appellee sued appellant on a policy of insurance issued to one Earl Smith, now deceased; appellee being named beneficiary. A trial to a jury on special issues resulted in a verdict and judgment for appellee for $405.40, with interest. This appeal is predicated upon the following and only assignment of error copied in the brief:

"The court erred as shown by bill of exception No. 2 in overruling defendant's amended motion for new trial because there was no evidence to sustain the answer of the jury, because there was no testimony introduced in evidence to sustain the answer of the jury to questions Nos. 1, 2 and 3, submitted to them by the court and because there is no evidence supporting the verdict of the jury and no state of case exists where findings necessary to support the verdict and judgment can be presumed to have been found by the court and because the determination of the answer sought to be elicited by question No. 3 submitted to the jury was necessary and essential to any proper finding and decision in this case and said question is not the submission of a question of fact to the jury but is a submission of a question of law which it is not the province of the jury to determine."

The bill of exception above referred to was approved by the trial court with the following qualification noted with reference to each of the three special issues submitted:

"Examined, allowed, approved and ordered filed as a part of the record in this case with the understanding that the above charge was requested by defendant (meaning appellant)."

Appellant raised the issue of the legal sufficiency of the evidence for the first time on motion for a new trial, and having requested the three issues submitted is therefore estopped to assert that there is no legal evidence to support the issues raised, or to question the legal sufficiency of either of the issues requested by it.

In the case of Independent Shope Brick Co. v. Dugger, 285 S. W. 599, the Commission of Appeals held that—

"While a party, having requested the submission of a special issue to a jury, might complain that the jury's answer was against the great weight of the testimony (a question not before us in this case and which we do not decide), it seems perfectly clear, under our decisions, that he is estopped to claim there is no evidence in the record raising that issue. This is the uniform holding of our Supreme Court and the various Courts of Civil Appeals. The reason for the rule is apparent. Counsel for defendant in error, in this connection, cite the following authorities, which sustain their first counter proposition aforesaid."

See, also, the numerous cases cited in the above-styled case. The weight or preponderance of evidence is not before us in this case, and we therefore affirm the judgment of the trial court.

Affirmed.