NUMBER 13-05-182-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

DAVID MORA AND JENNY MORA,                             Appellants,

 

                                           v.

 

EMMA
CHACON,                                                      Appellee.

 

 

 

             On appeal from the County
Court At Law No. 5

                           of Hidalgo
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

          Before Chief Justice Valdez, and Justices
Castillo and Garza

                        Memorandum Opinion by Justice Castillo

 








Appellee Emma Chacon filed suit against appellants
David Mora and his minor daughter, Jenny Mora, alleging personal injuries
sustained in a vehicular accident.  A
jury found in favor of Chacon and awarded damages.  In ten issues, the Moras maintain that the
trial court erred by (1) denying a motion for an independent medical
examination, (2) overruling objections to statements made during opening
statement, (3) overruling evidentiary objections, (4) denying a request to
disregard statements in closing argument, (5) granting Chacon's motion to
disregard the jury's finding, and (6) denying their motion for new trial.  We affirm.

I.  Background

On October 2, 2003,
while on her way to work, Chacon's vehicle was struck as it neared an
intersection controlled by four-way stop signs. 
The driver of the other vehicle, fifteen-year-old Jenny Mora, did not
make a complete stop at the intersection, made a left turn, and collided with
Chacon's vehicle.  David Mora admitted
that he allowed Jenny to drive and that he knew she was not licensed to drive. 

II.  Independent Medical Examination

By their first issue,
the Moras assert that the trial court erred by denying their request for an
independent medical examination ("IME").  They argue that in light of Chacon's
untimely-disclosed medical records, their request for an IME was timely.  Chacon counters that the motion was properly
denied as untimely.  








No later than thirty
days before the end of any applicable discovery period, a party may move for an
order compelling another party to submit to a physical examination by a
qualified physician.  See Tex. R. Civ. P. 204(a)(1).  The motion and notice of hearing must be
served on the person to be examined and on all parties.   Tex.
R. Civ. P. 204(b).  The court may
issue an order for examination (1) for good cause shown, and (2) when the
physical condition (including the blood group) of a party is in
controversy.  Tex. R. Civ. P. 204(c)(1). 


Chacon filed suit on
February 2, 2003.  By order dated July
30, 2004, the trial court set the Moras' motion for an IME for hearing on
September 28, 2004.  At the hearing, the
Moras' counsel (1) acknowledged that jury trial was set for October 25, 2004,
(2) argued that they filed their IME motion in July but were unable to secure
an earlier hearing for disposition,[2]
and (3) Chacon's discovery responses were inadequate and insufficient, thus delaying
the IME request.  Chacon's counsel
countered that both the deadline for discovery (thirty days before trial) and
for designation of experts (sixty days before trial) had expired and, thus, the
request was untimely.  The trial court
apprised counsel it would pronounce the ruling by telephone call that
afternoon.  The record does not contain
an order memorializing the complained-of denial of the Moras' motion for IME.








As a prerequisite for
presenting a complaint for appellate review, the record must show that the
trial court ruled on the motion, either expressly or implicitly.  Tex.
R. App. P. 33.1(a)(2); Wal‑Mart Stores, Inc. v. McKenzie,
997 S.W.2d 278, 280 (Tex. 1999) (per curiam). 
Because the record does not demonstrate that the trial court ruled on
the motion for IME, whether expressly or implicitly, the Moras have waived
their right to complain.  Id.  We overrule the first issue. 

III.  Improper Opening Statement

A.  References to Damages

By their second issue,
the Moras maintain that the trial court erred by overruling their objection to
opposing counsel's statements to the jury during opening statement that the
evidence would show (1) past and future medical expenses and (2) lost wages or
earning capacity.  The Moras argue that overruling
their objections was error because Chacon's discovery responses were
essentially inadequate and incomplete, and because she did not request relief
for lost wages or earning capacity, respectively.  Chacon responds that the Moras waived error
on the medical expenses calculation question and the trial court denied a trial
amendment, thus negating any untimely claim for lost wages or earning
capacity.  








Before opening
statements and out of the presence of the jury, the Moras' counsel made a
"pre-objection," requesting that opposing counsel not mention (1)
calculation of economic damages, including future medical expenses, and (2)
loss of earnings or capacity.  The trial
court ruled it would allow the statements. 
During opening statement, opposing counsel stated that the evidence
would show Chacon incurred "over $12,000 in past medical expenses"
and "surgery was going to cost another 10, $12,000."  Counsel later repeated, twice, the cost of
the surgery and future medical expenses. 
Counsel also stated that "[Chacon was] off work for a couple of
weeks, and finally after a couple of weeks, she goes back to work."  Counsel stated the evidence would show
"loss of wages."  The Moras'
counsel objected on grounds that the claim exceeded the scope of the
pleadings.  Chacon's counsel requested a
trial amendment to include the claim, which the trial court implicitly
denied.  Next, Chacon's counsel made the
complained-of statement, "I'll tell you what, Judge. I'll let them keep
the two weeks.  I'll just let them keep
it."  The Moras seize on counsel's
statement and argue that, had the trial court sustained their timely objection
to references to the lost earnings and capacity, they would not have been harmed
by counsel's statement in the jury's presence.

As to the references
to future medical expenses, the Moras did not object when these references were
repeatedly made during opening statement. 
The Moras waived error.  Tex. R. App. P. 33.1(a)(1); McKenzie,
997 S.W.2d at 280.  As to their
timely-made lost-earnings objection, the trial court did not rule on that
objection.  The Moras waived error.  Id. 
Even so, the trial court denied a trial amendment and, thus, granted the
relief requested.  That ruling renders
the Moras' complaint moot.  The Moras did
not object to general references to loss of earning capacity.  Once more, they waived error.  Id. 
We overrule the second issue.

B.  References to the Opinion of a Non-testifying
Police Officer








By their third issue,
the Moras maintain that the trial court erred by overruling their objection to
opposing counsel's statements as to the opinion of the investigating police
officer in an unauthenticated police report. 
Chacon counters that error was waived. 


During opening
statement, the following occurred , in the context of the Moras' complaint:

[By
Chacon's counsel]:  Well, now who else
knows that it was her fault?  I mean,
clearly I think we already know it, but let's go ahead and just put more on it.  Who else knows that?  Well, the police officer knows that.  How do we know that?  Because what does he say?  Officer that did the investigation said,
'Look, Jenny Mora, this is what she did, she failed to control her speed'B          

 

[Moras' counsel]:  Your HonorB

 

[Chacon's
counsel]:  Bshe ran a stop signB 

 

[Moras' counsel]:  Your Honor, I have to object to this.  There's not going to be any evidence about
what the police officer said.

 

[Chacon's
counsel]:  It's in the police report.

 

[Moras' counsel]:  There's not going to be a police report.

 

[Chacon's
counsel]:  Well, I've got the police
report as my Exhibit 1.

The
trial court did not rule on the objection. 
Thus, the Moras waived error.  Tex. R. App. P. 33.1(a)(1),
(2)(A).  We overrule the third issue.

IV.  Evidentiary Objections

By
their fifth, sixth, and seventh issues, and a sub-issue in their third and
fourth  issues, the Moras maintain the
trial court erred in overruling their objections to (1) the use of
unauthenticated videotape testimony, (2) doctors' reports, (3) medical records,
(4) Chacon's testimony as to the cause of her medical problems, and (5) the
police report. 








A.  Standard of Review

Decisions
about the admissibility of evidence are left to the sound discretion of the
trial court.  Owens‑Corning
Fiberglass Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998); Gee v.
Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989); Pegasus
Energy Corp. v. Cheyenne Petroleum Co., 3 S.W.3d 112, 133 (Tex. App.BCorpus Christi 1999,
pet. denied).  An abuse of discretion
exists when the court's decision is without reference to guiding rules or principles
or is arbitrary or unreasonable.  See
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985).  The mere fact that a trial judge
may decide a matter within his discretionary authority in a different manner
than an appellate judge in a similar circumstance does not demonstrate that an
abuse of discretion has occurred.  Id.
at 242 (citing Southwestern Bell Tel. Co. v. Johnson, 389 S.W.2d 645,
648 (Tex. 1965); Jones v. Strayhorn, 321 S.W.2d 290, 295 (Tex.
1959)).  An appellate court must uphold
the trial court's evidentiary ruling if there is any legitimate basis for the
ruling.  See State Bar of Texas v.
Evans, 774 S.W.2d 656, 658 n.5 (Tex. 1989). 
Moreover, we will not reverse a trial court for an erroneous evidentiary
ruling unless the error probably caused the rendition of an improper judgment.  See Tex.
R. App. P. 44.1; see also Gee, 765 S.W.2d at 396; Ed Rachal
Found. v. D'Unger, 117 S.W.3d 348, 368 (Tex. App.BCorpus Christi 2003,
pet. filed) (citing Malone, 972 S.W.2d at 43)).

B.  Use of Videotape Testimony













By
their fourth issue, the Moras maintain that the trial court erred in overruling
their objection to Chacon's use of Jenny Mora's videotaped testimony because
Chacon did not comply with rules of civil procedure 202 and 203.2.  See Tex.
R. Civ. P. 202[3]
and 203.2.[4]  Chacon responds that the parties agreed to
the non-stenographic videotaped deposition, and the parties and their counsel
appeared at the deposition.       The parties do not dispute that Jenny Mora
was deposed by agreement.[5]  Chacon conceded at trial and on appeal that
the deposition was not certified under rule 203.2.  The complained-of videotape excerpt before
the jury included the following colloquy:

[Chacon's
counsel]:  Based on what you saw out
there at the scene, ma'am, and based on your own perception of that, did the
lady in that other car do anything wrong that caused this crash? 

 

[Jenny Mora]:  No. 

 

The jury heard the
same evidence later, without objection:

[Chacon's
counsel]:  Let me see.  What else did you tell us at your
deposition?  Ma'am, you told us that Mrs.
Chacon did nothing wrong, it was not her fault because that was the truth.  Isn't that correct?

 

[Jenny Mora]:  Correct. 


 

Because the Moras did
not object when the same evidence was later adduced, they waived error.  Tex.
R. App. P. 33.1.  Even assuming
that the Moras preserved error, the evidence showed that Jenny Mora did not see
Chacon's vehicle prior to impact:

Q:  [By her counsel]  After you passed the stop sign, Jenny, did
youBdid you make a left
turn?

 

A:  Yes.

 

Q:  Okay. 
Tell the jury what you saw after you turned to the left and you were
headed east.

 








A:  I saw the sun.  The sun was in my eyes, and I couldn't really
see. . . .

 

Q:  Did the sun prevent you from seeing Mrs.
Chacon?

 

A:  I couldn't see what was on the bridge, soB

 

Q:  You couldn't see anythingBanyone on the bridge?

 

A:  No. . . .

 

On
this record, the Moras have not established reversible error.  Tex.
R. App. P. 44.1(a).  Accordingly,
even if we were to conclude that the trial court erred in admitting the
complained‑of evidence, the Moras have not shown that the error was
calculated to cause and probably did cause "the rendition of an improper
judgment."  Tex. R. App. P. 44.1; see Ed Rachal Found., 117 S.W.3d
at 368.  We overrule the fourth issue.

C.  Doctors' Letter Reports

By
their fifth issue, the Moras maintain that the trial court erred in overruling
their objection to admitting the doctors' letter reports included with Chacon's
medical records in exhibits 14 and 18 because the letter reports were not a
routine entry made in the regular course of business.  They argue that, as such, the letter reports
are inadmissible hearsay and do not qualify as business records.  Chacon counters that the Moras waived error
and the letter reports were properly admitted.








Exhibit
14 concerns treatment for Chacon's shoulder pain.  Similarly, exhibit 18 concerns history of and
treatment for Chacon's pain in, among other locations, her shoulders, knee, and
back.  The letter reports are among the
medical records for different treating physicians.  

The
Moras objected but did not secure a ruling from the trial court.  The trial court did overrule an objection as
to exhibit 20, but that ruling did not address the objections to exhibits 14
and 18.  Because the Moras did not secure
a ruling on their objections, they waived their right to complain.  Tex.
R. App. P. 33.1(a)(2)(A).

D.  Medical Records

By
their sixth issue, the Moras maintain that the trial court erred in overruling
their objection to the admission of medical records, in exhibits 7 through 20,
on grounds that the records were offered for the purpose of providing the jury
with the testimony of experts, the identity of which were not timely disclosed
in responses to proper requests for disclosure.[6]  The Moras assert that Chacon filed her notice
of filing of affidavits with attached business records on August 11, 2004, and,
thus, on that date the Moras first determined which medical records might be
used.  Chacon responds that the Moras
waived error because their objection at trial does not correspond to the
objection on appeal.  Chacon further
responds that the Moras did not send her a request for disclosure or any other
discovery.  








The
parties dispute whether any discovery requests were served requesting the
identity of testifying experts, and this is the crux of the Moras' objection at
trial and issue on appeal.  Assuming
without deciding that the Moras preserved error, our resolution of the issue
turns on the requirements of rule 195.1 of the Texas Rules of Civil Procedure
which states:

A party may request
another party to designate and disclose information concerning testifying
expert witnesses only through a request for disclosure under rule 194 [footnote
omitted] and through depositions and reports as permitted by this rule.

 

Tex.
R. Civ. P.
195.1.  

Nothing
in the record demonstrates that the proper discovery tool requesting
designation of testifying experts was served on Chacon.  See Tex.
R. Civ. P. 194.2(f),  195.1,
195.2.[7]  Thus, on this record, we cannot conclude that
the trial court acted without reference to guiding principles in overruling the
Moras' objections.  Malone, 972
S.W.2d at 43; Aquamarine Operators, 701 S.W.2d at 241-42.  We overrule the Mora's sixth issue.

E.  Lay Testimony

By
their seventh issue, the Moras maintain that the trial court erred in
overruling their objection to Chacon testifying as to the cause of her medical
problems because she was not qualified to give such an opinion.  Chacon counters that the testimony was
admissible.  

The
Moras direct us to the following excerpt from Chacon's testimony, during
direct-examination:

Q.  Ma'am, ultimately . . . I want you to . . .
tell [the jury] the problems that you're having now, were they as a result of .
. . that crash? . . . .








A.  Yes, sir. 


 

The Mora's objection
occurred after Chacon answered and, thus, was untimely.  Tex. R.
App. P. 33.1(a)(1).  Further,
prior to the complained-of testimony, Chacon testified as follows during direct
examination:

Q.  Ma'am, bottom line what I want you to tell
the jury is . . . what problems you've had physically, you've experienced,
you feel as the result of that crash?

 

A.  I believe that when the air bag exploded . .
. where it hit my neck, and to where I was trying to open the jammed door, I
just didn't know how much force I was tryingBI was using. 
I was just trying to get out of there. 
After the crash, I did . . . have a neck brace from the doctor, some
dizziness.  I just hurt very badly in
that shoulderB 

 

(emphasis
supplied).  Because the same or similar
testimony was admitted without objection, the Moras waived their right to
complain.  Tex. R. App. P. 33.1.[8]  We overrule the Moras' seventh issue.

F.  Police Report








By
a sub-issue in their third issue, the Moras maintain that the trial court erred
in overruling their objection to admitting the police report in evidence
because it (a) contained the police officer's opinion as to the factors
contributing to the incident without a showing of adequate credentials for the
officer to express opinions on causation, and (b) was untrustworthy.  Chacon counters that the error was waived. 

The
Moras concede that they objected at trial to admission of the police report on
grounds that the document was not properly authenticated.  The trial court overruled the objection.  The complaint on appeal does not correspond
with the complaint to the trial court.  Tex. R. App. P. 33.1; see In re
T.R.S., 931 S.W.2d at 756; D/FW Commercial Roofing, 854 S.W.2d at
189.  Accordingly, the Moras waived their
right to complain on appeal.  We overrule
the sub-issue in the Moras' third issue.

V.  Closing Argument

By
their eighth issue, the Moras maintain that the trial court erred in failing to
instruct the jury to disregard opposing counsel's comments during closing
argument that the Moras were lying. 
Chacon counters that the argument was responsive to the Moras' closing
argument.

The
Moras seize on opposing counsel's statement that he was reminded of the
"old saying . . . are you going to believe me or are you going to believe
your lying eyes?  I mean you're going to
believe me or you're going to believe my lying client who lied about
everything.  I mean, she's admitted that
it was her fault, butB."  The Moras objected and the trial court
stated, "Let's watch the characterizations [counsel]."








Prior
to the complained-of statement, Chacon's counsel argued, "They cannot tell
you the truth, not once.  They have never
ever told you the truth."  The Moras
did not object.  Because the
complained-of statement was made earlier, without objection, we conclude that
the Moras have not shown reversible error. 
Tex. R. App. P. 44.1; see
Ed Rachal Found., 117 S.W.3d at 368. 
We overrule the eighth issue.

VI.  Post-trial Proceedings

By
their ninth and tenth issues, the Moras maintain that the trial court erred by
(1) granting Chacon's motion to disregard all jury findings in response to
Question Number 2,[9](2)
entering judgment that the Moras, father and minor daughter, are jointly and
severally liable for one hundred percent of the damages, and (3) denying their
motion for new trial.[10]  Chacon counters that the trial court did not
err in disregarding the jury's finding in response to apportionment of fault
because it was immaterial as a matter of law. 









The
parties do not dispute that neither party objected to the charge as submitted
to the jury.  See Tex. R. App. P. 38.1(f).  The record contains the parties' separate
motions to disregard the jury's finding in Question Number 2.  The Moras requested that the trial court
disregard the percentage of negligence to Mr. Mora because "the negligence
of the owner is of no consequence." 
In her motion, Chacon requested the trial court to disregard the jury
finding because David Mora became vicariously liable for his minor daughter's
negligence under the law of negligent entrustment.  The motion continues that Mr. Mora's
percentage of responsibility should not have been submitted to the jury
"as conceded by counsel for Mora." 
The trial court judgment recites that both motions were granted.  The 
Moras' motion for new trial, in context, states "David Mora can
only be vicariously liable for the percentage of negligence as found by the
jury to be attributable to Jenny Mora." 
The sole ground assigning error to the trial court's granting the motion
to disregard is on the theory of contribution. 
Without stating the grounds, the trial court signed an order denying the
motion for new trial.  The appellate
record does not demonstrate whether the trial court convened hearings on the
motions to disregard or motion for new trial.








In
particular, the Moras maintain that it is not within the province of the trial
court to substitute its own finding for that of the jury.  The Moras, however, requested the trial court
to disregard the jury's answer.  The
judgment reflects their motion was granted. 
We conclude that the Moras have not shown reversible error.  Tex.
R. App. P. 44.1; see Ed Rachal Found., 117 S.W.3d at 368; see
also Paris & G. N. R. Co. v. Flanders, 179 S.W. 263, 264 (Tex. 1915)
("The rule of invited error rests in the principle of estoppel, its reason
being that a party is in no position to complain of an error which he has
induced the court to commit.").  We
overrule the ninth and tenth issues.  

VII.  Conclusion  

Having
overruled the Moras' ten issues presented, we affirm the judgment.

 

ERRLINDA CASTILLO

Justice

 

Memorandum Opinion
delivered and filed

this the 13th day of
October, 2005.                                                                                        

 

 











[1] See Tex. R. App. P. 47.2, 47.4. 






[2] The docket sheet reflects that the
Moras filed a motion for IME on July 16, 2004. 
The motion is absent from the appellate record.  "The record, not the docket entry, is
the authoritative evidence upon which the parties must rely on
appeal."  Bell v. State, 734
S.W.2d 83, 84 (Tex. App.BAustin 1987, no pet.); see
Williams v. Schneiber, 148 S.W.3d 581, 584 (Tex. App.BFort Worth 2004, no pet.) (stating
that a docket sheet generally does not form a part of the record which may be
considered, is inherently unreliable, and constitutes "a memorandum made
for the clerk's and trial court's convenience.").  





[3] Rule 202 states, in part:

 

202.1.  Generally. 
A person may petition the court for an order authorizing the taking of a
deposition on oral examination or written questions either:

 

  
(a) to perpetuate or obtain the person's own testimony or that of any
other person for use in an anticipated suit; or

 

  
(b) to investigate a potential claim or suit.

 

Tex. R.
Civ. P. 202.  





[4] Rule 203.2 states:

 

The deposition officer must file
with the court, serve on all parties, and attach as part of the deposition
transcript or nonstenographic recording of an oral deposition a certificate
duly sworn by the officer stating:

 

  
(a) that the witness was duly sworn by the officer and that the
transcript or nonstenographic recording of the oral deposition is a true record
of the testimony given by the witness;

 

  
(b) that the deposition transcript, if any, was submitted to the witness
or to the attorney for the witness for examination and signature, the date on
which the transcript was submitted, whether the witness returned the
transcript, and if so, the date on which it was returned;

 

  
(c) that changes, if any, made by the witness are attached to the
deposition transcript;

 

  
(d) that the deposition officer delivered the deposition transcript or
nonstenographic recording of an oral deposition in accordance with Rule 203.3;

 

  
(e) the amount of time used by each party at the deposition;

 

  
(f) the amount of the deposition officer's charges for preparing the
original deposition transcript, which the clerk of the court must tax as costs;
and

 

  
(g) that a copy of the certificate was served on all parties and the
date of service.

 

Tex. R.
Civ. P. 203.2. 





[5] In a civil case, the court will accept
as true the facts stated unless another party contradicts them.  Tex.
R. App. P. 38.1(f).  The Moras'
counsel acknowledged opposing counsel's presence at the deposition in
question.  Thus, the Moras' rule 202
complaint is moot.  See Tex. R. Civ. P. 202.  





[6] The record does not establish that
exhibit 13 was admitted in evidence. 
After the jury began deliberations, the Moras' counsel stated, "I
just wanted to make sure we don't send in Exhibit 13."  The reporter's record exhibit volume and
master index do not show the exhibit as admitted in evidence.  





[7] Rule
195.2 of the rules of civil procedure governs the deadlines for designating
experts.  Tex.
R. Civ. P. 195.2.  





[8] We observe that lay testimony is
adequate to prove causation in those cases in which general experience and
common sense will enable a layman to determine, with reasonable probability,
the causal relationship between the event and the condition.  Morgan v. Compugraphic Corp., 675
S.W.2d 729, 733 (Tex. 1984) (citing Lenger v. Physician's Gen. Hosp., Inc.,
455 S.W.2d 703, 706 (Tex. 1970)). 
Generally, lay testimony establishing a sequence of events which
provides a strong, logically traceable connection between the event and the
condition is sufficient proof of causation. 
Id.  In such cases, lay
testimony can provide both legally and factually sufficient evidence to prove
the causal relationship.  See
Blankenship v. Mirick, 984 S.W.2d 771, 775 (Tex. App.BWaco 1999, pet. denied).

 

 





[9] Question Number 2 asked the jury:

 

What percentage of the negligence
that caused the occurrence do you find to be attributable to each of those
found by you, in your answer to Question 1, to have been negligent?

 

a. 
Emma Chacon                                              0%

b. 
Jenny Mora                                    40%

c. 
David Mora                                                60%

 

To Question Number 1, the jury
answered that the negligence of David Mora and Jenny Mora proximately caused
the occurrence.  





[10] The motion for new trial is in the
appellate record.  By their tenth issue,
the Moras present a concise issue related to their ninth issue.  We consider the tenth issue as a subsidiary
question fairly included in their ninth issue. 
See Tex. R. App. P.
38.1(e), (h).